■ ANGELO GRINALDO, Appellant, v. HENRY MEUSBURGER, Respondent.— STALEY, JR., J. Appeal from a judgment of the Supreme Court at Special Term, entered September 24, 1969 in Rensselaer County, which dismissed the complaint. Plaintiff is a contractor who constructed and sold houses on Pheasant Lane and Meadowlark Lane in a subdivision developed by him in the Town of North Greenbush, Rensselaer County, New York. The roads in the subdivision developed ruts and pot holes and drainage problems which caused surface waters to cut paths through lawns and wash out grass and top soil. The owners of the homes complained to the Town Superintendent of Highways, the defendant in this action, who advised them that the roads were not town highways and that they should go to the Town Board meeting on August 12, 1968 and make their complaints known to the Town Board. A delegation of the homeowners affected attended this meeting and made known the nature of their complaints. Defendant then reported on the condition of the said roads and, according to his affidavit, advised the Town Board that over the years he had received common complaints from residents who advised him " that in purchasing their homes they either understood or were advised that adjoining roadways were town roads whereas in fact they were

not. These people advised your deponent that they purchased these homes relying upon this information and indeed many houses were being mortgaged upon this assumption. That your deponent advised the Town Board that if this were the case then such people were being swindled and that [the Town Highway Ordinance should be revised to prevent such occurrences] in the future." The complaint contains the following allegations: "5. That on or about August 12, 1968, at about 8:00 P.M. thereof, the defendant maliciously spoke and published of and concerning the plaintiff in his said craft, trade and profession the following defamatory matter, viz: In response to questions concerning roads posed by certain homeowners who stated they had purchased their homes from the plaintiff, defendant stated, 'You have been swindled.' * * * . That said statement was made in a specific context referring to the plaintiff. 6. That the defendant made the statement referred to, and others, in the presence of a large crowd, including newspaper reporters, in a public meeting; both in and out of his capacity as Town Highway Superintendent. 7. That defendant published such defamatory matter with actual malice towards the plaintiff and with utter and reckless disregard for the effect of his statements and with wrongful and wilful intent to injure him in his reputation, business, credit and feelings, and to expose him to ridicule, fear, hate and contempt." The complaint contains no allegation of special damage and if the complaint is to be sustained, it must be upon a finding that the words spoken are slanderous per se. Such a finding would require the words spoken to charge plaintiff with a punishable crime or tend to injure him in his trade, occupation or profession and that the words were spoken of plaintiff in his trade, occupation or profession. (*Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643, affd. 1 N Y 2d 5.) In a complaint for slander plaintiff may generally allege the application of the words to him, and it is not necessary that he be mentioned by name in the alleged defamatory statement. (*Harwood Pharmacal Co.* v. *National Broadcasting Co.,* 9 N Y 2d 460.) Whether plaintiff was the person referred to in the statement is a question for a jury to determine (*Bridgewood* v. *Newspaper PM,* 276 App. Div. 858) and, under the circumstances here, the complaint should be sustained unless it can be held, as a matter of law, that the words were not spoken of plaintiff in his trade, occupation or profession. (*Weiner* v. *Vogel,* 18 A D 2d 748.) The allegations in the complaint connect the words spoken to plaintiff's business and show that the words were addressed to persons who had purchased homes from plaintiff and knew that he was the developer of the subdivision embracing the roads under discussion at the time. The words could have been understood by them to refer to plaintiff in his business and, since the statement is susceptible to a defamatory meaning, plaintiff is entitled to have the question submitted to a jury. (*Fischer* v. *Post-Std. Co.,* 14 A D 2d 130.) Since Special Term did not pass on defendant's motion to implead the Town of North Greenbush as a third-party defendant and on defendant's motion to serve an amended answer as academic, in view of our reversal and reinstatement of the complaint, it would be appropriate to decide these issues. The motion to implead the Town of North Greenbush as a third-party defendant should be denied, since no notice of claim under section 50-e of the General Municipal Law has ever been filed and there is no statutory provision for indemnification to a Highway Superintendent other than for his negligence committed in the operation of the Highway Department and the maintenance of the town highways. (Town Law, §§ 65, 65-a, 67.) However, defendant's motion to serve an amended answer herein for the purpose of alleging affirmative defenses should be granted. Judgment reversed, on the law and the facts, without costs, and motion to dismiss the complaint denied; in addition, defend-

588

ant's motion to implead the Town of North Greenbush as a third-party defendant, denied; and defendant's motion to serve an amended answer granted, such service to be made within 20 days after service of the order to be entered herein. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J. [See 34 A D 2d 692.]