■ WILLIAM H. BACHRACH, Respondent, v. FARBENFABRIKEN BAYER AG et al., Appellants, and SCANDINAVIAN JOURNAL OF GASTROENTEROLOGY,

Defendant.— Order, Supreme Court, New York County, entered on February 9, 1973, unanimously reversed, on the law, the motion granted, the complaint dismissed, and the action severed as to defendants-appellants, without costs and without disbursements. In this action for libel and invasion of privacy, plaintiff seeks substantial monetary damages because of a statement which appeared in an advertisement published in the *Scandinavian Journal of Gastro-enterology (Journal)*. The statement in question had to do with the alleged effectiveness of the drug Trasylol in connection with the treatment of pancreatitis. The *Journal*, though named as a defendant, was never served in this action. This action was commenced on or about January 29, 1969, based on the publication of the alleged libel in the Journal on February 15, 1968. The advertisement appeared in four prior issues for which defendants admit responsibility. However, defendants deny responsibility for publication in the fifth issue of February 15, 1968. Service of the necessary papers was within one year of the February 15, 1968 publication, but more than one year after the last of the four prior publications. After joinder of issue defendants moved pursuant to CPLR 3212 to dismiss on several grounds including, specifically, the statute of limitations. Defendants presented proof in the record that the advertisement in the February 15, 1968 issue was not authorized, nor did they pay for or were they billed for the same. The Norwegian Company, Bayer Kjemi AS (Kjemi) authorized the advertisement for four issues only, and this seems to have been the only advertisement ever placed by Kjemi with the *Journal*. Affidavits of an editor of the *Journal* and other evidence attest to this as a fact. In opposition to defendants' motion plaintiff argues that a jury might well disbelieve that the last issue was unauthorized and this possibility precludes summary judgment. A mere hope or belief does not constitute an evidentiary basis warranting denial of the motion. (cf. *Dyer* v. *MacDougall*, 201 F. 2d 265). There must be shown something genuine and of substance which demonstrates "the existence of a triable issue of ultimate fact". (*Indig* v. *Finkelstein*, 23 N Y 2d 728, 729). Since the authorized publications were without the one-year period for libel (CPLR 215, subd. [3]), the motion for summary judgment should have been granted (*Gregoire* v. *Putnam's Sons*, 298 N. Y. 119). It might fairly be said also that the subject here involved was a matter of public or general interest and, in the absence of a clear showing of malice, it might fall within the protective concept of *New York Times Co.* v. *Sullivan* (376 U. S. 254) (cf. *Trails West, Inc.* v. *Wolff*, 32 N Y 2d 207). Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Lane, JJ.