■ CENTRAL STATE BANK, Respondent, v WILLIAM KILROY, Defendant, and RITA M. OSTRER, Appellant.—In an action, commenced by service of a summons and notice of motion for summary judgment in lieu of a complaint, by the cashing bank to recover against the drawer and the endorser of two checks drawn on insufficient funds, the defendant drawer appeals from a judgment of the Supreme Court, Nassau County, entered July 8, 1976, which is in favor of plaintiff-respondent and against her, upon an order of the same court which granted the motion for summary judgment as against her. Judgment affirmed, with $50 costs and disbursements. The codefendant, William Kilroy, allegedly stole and completed two checks which had been signed in blank by appellant and delivered by her to her husband. Kilroy completed the checks and cashed them at the plaintiff Central Savings Bank (Central), where he was a customer. Both checks were dishonored by the drawee bank for insufficient funds. Appellant opposed the motion for summary judgment, claiming that factual questions exist. In support of this claim she alleged that it is her "understanding" that a bank employee was in "cahoots" with Kilroy to authorize the cashing of third-party checks which Kilroy would present to Central. She asserted that this allegation raised a question of fact as to Central's good faith. It is also claimed that a factual question exists as to Central's lack of notice of a possible defense in that the first check may or may not have been returned to Central before the second check was cashed. The allegation that a bank employee was acting in concert with Kilroy is not supported by evidentiary facts or materials, or by an affidavit of a person claiming knowledge of such a scheme. Conclusory allegations in the nature of surmise, conjecture, hope and suspicion are insufficient to raise a triable issue to defeat summary judgment (*Indig v Finkelstein,* 23 NY2d 728; see, also, *Bachrach v Farbenfabriken Bayer AG,* 42 AD2d 514, affd 36 NY2d 696; *Golding v Weissman,* 35 AD2d 941, app dsmd 29 NY2d 913). The second claim also fails to raise any issue of fact. Knowledge by a purchaser of an instrument that there has been a default in the payment of any other instrument, except one of the same series, does not of itself give the purchaser notice of a defense or

claim. Nor does knowledge that an incomplete instrument has been completed, unless the purchaser has notice of any improper completion, create notice of a defense or claim (Uniform Commercial Code, § 3-304, subd [4]). Therefore, as a matter of law, Central enjoys the status of a holder in due course as to the checks (see Uniform Commercial Code, § 3-302). As such, it .is entitled to enforce the checks as they were completed (see Uniform Commercial Code, §§ 3-407, 3-115). Accordingly, as no triable issues of fact are present, summary judgment was properly granted. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.