■ JOSEPH L. TORRISI, Individually, and Doing Business as TORRISI AGENCY, et al., Respondents, v INDEPENDENT CITIZENS LEAGUE, INC., et al., Appellants, et al., Defendants. — In an action to recover damages for libel, the appeals are from an order of the Supreme Court, Westchester County (Gagliardi, J.), dated July 25, 1980, which denied a motion by defendant Pasquale C. Marini, *inter alia,* for summary judgment dismissing the complaint. Order affirmed, with one bill of $50 costs and disbursements payable jointly by appellants appearing separately and filing separate briefs. Special Term properly held that the printed statements complained of by plaintiffs "give rise to at least a prima facie cause of action for defamation" and that there is a triable issue of fact as to defendant Marini's role in the preparation, authorization and publication of the alleged defamatory advertisement. Since defendant Marini's name was listed at the bottom of the advertisement, which appeared in *The New York Times,* as one of the cochairmen of the committee that paid for said advertisement, it was incumbent upon him to rebut the presumption that he authorized the printing of the same by introducing concrete proof that he had nothing to do with it in any manner, shape or form. The mere fact that in his examination before trial Marini made continuous denials concerning his knowledge of the ad, and stated that he had never authorized the use of his name, is insufficient. Rather, in order to support his motion for summary judgment, he should have obtained affidavits from those responsible for preparing and circulating the advertisement that he had no knowledge of it and that he had not authorized the use of his name (see *Bachrach v Farbenfabriken Bayer AG.,* 42 AD2d 514). Moreover, Special Term properly denied the motion to dismiss the causes of action brought on behalf of plaintiff Torrisi Agency, Inc. Defendant Marini's assertion that only the Torrisi Agency is mentioned, while the plaintiff is Torrisi Agency, *Inc.,* is devoid of merit. Whether the plaintiff is the person

referred to is a question of fact for the jury to determine (see *Grinaldo v Meusburger,* 34 AD2d 586, mod 34 AD2d 692, app dsmd 27 NY2d 598). We have considered the argument raised by the other appellants and find it to be without merit. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.