■ FRANK J. DUCI, Respondent, v DAILY GAZETTE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered June 14, 1983 in Schenectady County, which, *inter alia,* denied defendant's motion to dismiss the complaint. ¶ Plaintiff, the former Mayor of the City of Schenectady, instituted this libel action based on an article that appeared in the August 20, 1982 issue of the *Schenectady Gazette,* a newspaper published by defendant. ¶ The published article concerned the accidental drowning of a Schenectady teen-ager, Mark Vinciquerra, in Steinmetz Lake, and the efforts made at the scene to rescue him. Apparently, three lifeguards, who were employed by the City of Schenectady, arrived at their posts at the lake a few hours after the commencement of the search and attempted to initiate their own efforts to find the missing boy but were requested not to interfere, as State Police divers were setting up a search pattern. The newspaper account of the incident described the efforts of the lifeguards as follows: ¶ "The three, Lisa Mulligan, 20, of Ballston lake, Patty O'Rourke, 20, of Niskayuna and Dave Schroeder, 17, said they had asked to assist in the search for Vinciquerra after arriving at the lake. Schenectady Mayor Frank Duci, who was at the scene, asked if they could participate but was told they could not. ¶ "But according to a visibly angry Mulligan, 'It just looked like he [Duci] wasn't doing anything. He was standing around talking and laughing. [Vinciquerra] had gone in at 8:30 and they were just making a circus out of it.' " ¶ Plaintiff alleged that the above-cited comments were false and defamatory, and caused him to be held up to public ridicule and to suffer a loss of prestige and standing in the community. Defendant moved to dismiss the action on the grounds that the complaint failed to state a cause of action (CPLR 3211, subd [a], par 7), and that plaintiff willfully failed to disclose material in response to defendant's interrogatories that the court had ordered disclosed (CPLR 3126). Special Term denied the motion and ordered plaintiff to answer the interrogatories within 15 days after the filing of the order. Defendant appeals from the denial of its motion to dismiss. ¶ Although the chief concern on a motion under CPLR 3211 (subd [a], par 7) is whether the pleading itself states a cause of action rather than the ultimate determination of the facts (see *Stukuls v State of New York,* 42 NY2d 272; *Rovello v Orofino Realty Co.,* 40 NY2d 633), we, nevertheless, conclude that the complaint herein is insufficient in law and, accordingly, reverse Special Term. In determining whether a published article is libelous, it is the role of the court to decide, as a matter of law, whether the words complained of are susceptible of the defamatory meaning ascribed to them (*James v Gannett Co.,* 40 NY2d 415). The instant alleged libel action involves not only a public official, but a matter of public interest as well. ¶ Significantly, the statements on which this action is based are attributed to

a lifeguard named Lisa Mulligan. No attempt was made by the reporter to represent Mulligan's remarks as accurately depicting the true facts of the incident. Nor was there any indication in the article that the reporter agreed with her remarks or believed them to be true. Defendant, through its reporter, was simply servicing its informational function in relaying Mulligan's views, which were in themselves a matter of public concern regarding a public official (*Orr v Lynch,* 60 AD2d 949, affd 45 NY2d 903). Furthermore, whether the quoted words are actionable depends upon a consideration of the entire publication and how the ordinary and average reader would understand their meaning (*James v Gannett Co., supra*). Taken in context, it appears that the alleged defamation consisted of plaintiff talking and laughing about a tragic incident. Talking in these circumstances is certainly not defamatory and, as to the laughing that could have been prompted by nervousness, anxiety or many other emotions, and does not necessarily imply that the remark was libelous to an average reader, especially when the remark was made directly by a named bystander (*Orr v Lynch, supra*). It must, therefore, be concluded that the words complained of are not suspectible of the defamatory meaning ascribed to them by plaintiff, and the complaint must be considered insufficient as a matter of law. ¶ There is an additional reason for dismissal of the complaint. A plaintiff accused of a single instance of impropriety may not recover unless he pleads and proves "special damages". Even the false description of a single instance of a plaintiff's misconduct is not actionable if the plaintiff merely contends in a conclusory fashion, as herein, that his reputation was injured by the publicity. Since plaintiff has not pleaded special damages, and in fact, admitted in his interrogatory that no special damages exist, dismissal of the complaint is required (*Lyons v New Amer. Lib.,* 78 AD2d 723; *Shaw v Consolidated Rail Corp.,* 74 AD2d 985). ¶ In view of the determination made herein, it is not necessary to reach the question of plaintiff's willful failure to respond to defendant's interrogatories. The order should be reversed and the complaint dismissed. ¶ Order reversed, on the law, with costs, motion granted and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.