■ ROBERT LEDER, Appellant, v SANDRA FELDMAN, Individually and as President of the United Federation of Teachers, et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered September 11, 1990, which granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and which denied plaintiff's cross-motion pursuant to CPLR 3017 (a) to strike the affidavit and exhibits submitted in support of the motion to dismiss, unanimously affirmed, without costs.

Order of the same court and same Justice, entered November 21, 1990, which granted plaintiff's motion pursuant to CPLR 2221 for reargument, and which, upon reargument, adhered to the court's original determination dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, the principal since 1979 at Herbert H. Lehman High School in Bronx County, sought to recover compensatory and punitive damages against defendant Sandra Feldman ("Feldman"), individually and as president of the United Federation of Teachers ("UFT"), and John Soldini, an officer

of the UFT, for defamation and the intentional infliction of emotional distress. The actionable wrongdoing, it was alleged, was the publication of three union newsletter articles, along with a letter from defendant Feldman, which summarized the testimony of union witnesses and the factual findings and decision of an Administrative Law Judge with respect to an administrative proceeding brought by the UFT against the New York City Board of Education, charging that the Board had, through its agent, the plaintiff, engaged in improper employer practices in violation of Civil Service Law § 209-a.

Upon examination of the record, we find that the IAS court, in dismissing the complaint, properly determined that the alleged defamatory publications were absolutely privileged pursuant to Civil Rights Law § 74, which exempts from civil action any person, firm or corporation "for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding" *(Holy Spirit Assn. v New York Times Co.,* 49 NY2d 63, 67).

In order to qualify for the absolute privilege, the article need not be a verbatim report, but must be " 'substantially accurate' " *(Hanft v Heller,* 64 Misc 2d 947, 949), which we find to be the case here. Moreover, in determining whether a published article is libelous, it is the role of the court to decide, as a matter of law, whether the words complained of are susceptible of the defamatory meaning ascribed to them *(Duci v Daily Gazette Co.,* 102 AD2d 940).

Finally, we have reviewed the plaintiff's remaining claims, and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kassal and Smith, JJ.