Grafton,  }
Jan. 2, 1906. }

## NOYES v. THORPE.

The objection that a bill of discovery in aid of an action of libel does not sufficiently set out the defamatory words is one that may be obviated by amendment.

A bill of discovery in aid of an action of libel, brought for the purpose of compelling the defendant publisher to produce the original writing and to divulge the names of the persons who instigated its publication, is demurrable on the ground that the matter sought to be disclosed will tend to convict the defendant of a crime.

BILL IN EQUITY, praying for discovery in aid of an action at law. The defendant's demurrer was sustained by *Wallace*, C. J., at the May term, 1905, of the superior court, subject to the plaintiff's exception.

*Everett C. Howe* and *Smith & Smith*, for the plaintiff.

*Scott Sloane* and *Mitchell & Foster*, for the defendant.

BINGHAM, J. In the bill it is alleged that the plaintiff has brought an action at law against the defendant to recover damages for publishing in his newspaper a libelous article concerning the plaintiff; that the article was instigated and its publication brought about by persons unknown to the plaintiff, who either sent or dictated it to the defendant; that the plaintiff is not able to discover who the persons are; that the defendant knows who they are, but will not state; and that the plaintiff desires to know, so that he may join them in his action against the defendant. The prayer of the bill is (1) that the defendant be required to produce the original writing containing the alleged libelous article, and (2) that he may be required to disclose who the persons were who dictated the article to him and procured him to publish it. The defendant demurs to the bill and says his demurrer should be sustained (1) because the bill does not set out a legal cause of action in aid of which the discovery is sought, and (2) because a disclosure of the matters prayed for would tend to criminate him.

1. The bill states the nature of the action, the names of the parties to it, the term of court at which it was entered, and where it is pending. If this is not a sufficient reference to the action and the declaration contained therein so as to incorporate into the bill the alleged defamatory words, the objection may be obviated by an amendment. As the bill may be amended to meet this objection, it is unnecessary to further consider the first reason assigned in support of the demurrer.

2. It is an established rule that a demurrer to a bill of discovery lies where the matter sought to be disclosed will convict or tend to convict the defendant of a crime; that he cannot be required to discover the principal fact, or any one of a series or chain of facts, which may contribute to establish a criminal charge against him. *Reynolds* v. *Fibre Co.*, 71 N. H. 332, 334; *Adams* v. *Porter*, 1 Cush. 170; *Marsh* v. *Davison*, 9 Paige 580; 6 Enc. Pl. & Pr. 743, 779. The malicious publication of a libelous article is a common-law crime and punishable as a misdemeanor. May Cr. L. (3d ed.), *s.* 172. If, then, the production of the original article, taken in connection with other evidence, may tend to convict the defendant of a violation of the criminal law, he cannot be required to produce it. That the production of the article from the defendant's possession, unexplained, taken in connection with evidence of its publication, would tend to show that he was the person who published it, cannot be doubted. And if it appeared, on the production of the article, that it was in the handwriting of the defendant, the evidence would be of still greater weight in the establishment of his guilt. *Regina* v. *Lovett*, 9 C. & P. 462.

3. " Every one who requests, procures, or commands another to

publish a libel is answerable as though he published it himself."
Odg. Lib. 119, 120; *Cochran* v. *Butterfield*, 18 N. H. 115.   The
allegations of the bill, read in the light of this principle, disclose
that the publication relied upon to establish the guilt of the un-
known persons is the same publication as that with which the
plaintiff seeks to charge the defendant.   This being so, it follows
that an answer to the question, who communicated or dictated the
article to the defendant and procured him to publish it, involves
an admission that he himself was the agency through which the
publication was effected.   Such an admission would tend to estab-
lish his guilt, and he cannot be required to make the disclosure.

It is unnecessary to consider whether, in the absence of the
foregoing reasons, the plaintiff would (*Post & Co.* v. *Railroad*, 144
Mass. 341; *Hoppock* v. *Railroad*, 27 N. J. Eq. 286; *Hurricane Tel.
Co.* v. *Mohler*, 51 W. Va. 1; *Heathcote* v. *Fleete*, 2 Vern. 442; *Morse*
v. *Buckworth*, 2 Vern. 443; *Moodalay* v. *Moreton*, 2 Dick. 652;
*Orr* v. *Diaper*, L. R. 4 Ch. Div. 92), or would not (*Opdyke* v.
*Marble*, 44 Barb. 64; *Twells* v. *Costen*, 1 Pars. Eq. Cas. 373; *Dine-
ley* v. *Dineley*, 2 Atk. 394; *London* v. *Levy*, 8 Ves. Jr. 398), be
entitled to have the defendant disclose the names of the unknown
persons.   The demurrer was properly sustained.

                                         *Exception overruled.*

All concurred.