Belknap,
No. 5627.

FRANK P. BAER

*v.*

ALFRED D. ROSENBLATT.

Argued September 6, 1967.
Decided December 29, 1967.

*Doherty & Dyer* and *McLane, Carleton, Graf, Greene & Brown* ( *Mr. Stanley M. Brown* orally ), for the plaintiff.

*Nighswander, Lord & Martin* and *Conrad E. Snow* ( *Mr. Arthur H. Nighswander* orally ), for the defendant.

DUNCAN, J. The Superior Court ( *Keller,* J. ) has transferred to this court without ruling and in advance of retrial of an action for libel, questions of law presented by motions filed following reversal by the United States Supreme Court in *Rosenblatt* v. *Baer,* 383 U. S. 75, of a judgment for the plaintiff entered in this court on October 6, 1964. *Baer* v. *Rosenblatt,* 106 N. H. 26. As appears from the opinion of the United States Supreme Court, the case was remanded to afford the plaintiff Baer an opportunity "to bring his claim outside the *New York Times* rule" ( *New York Times Co.* v. *Sullivan,* 376 U. S. 254 ), holding that a public official may "be allowed the civil remedy [for libel] only if he establishes that the utterance was false, and that

it was made with knowledge of its falsity or in reckless disregard of whether it was false or true." *Garrison* v. *Louisiana,* 379 U. S. 64, 74. See *Rosenblatt* v. *Baer,* 383 U. S. 75, *supra,* 84; 380 U. S. 941; *Beckley Newspapers Corp.* v. *Hanks,* 88 S. Ct. 197 ( 1967 ).

In remanding the action the United States Supreme Court stated that "as is the case with questions of privilege generally, it is for the trial judge in the first instance to determine whether the proofs show respondent [ plaintiff] to be a 'public official.' " *Rosenblatt* v. *Baer, supra,* 88.

The plaintiff maintains that he has a right to jury trial of the issue of whether he was a public official, and that the issue should be determined as a part of retrial of the merits. The defendant argues that the record of the prior trial held before the *New York Times* case was decided, makes at least a prima facie showing on undisputed facts that the plaintiff was a public official, and contends that the Trial Court should determine as a matter of law that he was a public official in the absence of an offer by the plaintiff to prove facts which would warrant a finding that he was not. The defendant further maintains that the issue of public official *vel non* should first be separately tried, in part because the requirements of proof of malice will vary, depending upon the resolution of the first issue.

In the opinion remanding this case, the United States Supreme Court indicated that the *New York Times* rule, which it had previously said did not necessarily extend into the "lower ranks of governmental employees," "applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." *Rosenblatt* v. *Baer, supra,* 85. Cf. *Curtis Publishing Co.* v. *Butts,* 388 U. S. 130, 155. While the Court stated that the plaintiff "may have held such a position," it considered that the record left open "the possibility that [he] could have adduced proofs to bring his claim outside the *New York Times* rule" ( *Rosenblatt* v. *Baer, supra,* 87 ), or "to present a jury question of malice," and that those possibilities should not be foreclosed by that Court.

Since the Supreme Court did not consider that the status of the plaintiff should be determined as a matter of law upon the record of the former trial, this court is not prepared to hold that the Trial Court may now so determine it. Neither do we consider

that it should be so determined upon that record plus an offer of proof by the plaintiff of additional evidence on the issue which he may propose to offer. Granting, as we must, that the Supreme Court's opinion contained the "remark" that it is "for the trial judge in the first instance to determine whether the proofs show respondent to be a 'public official' " ( *Id.,* 88 ) we do not interpret this remark as requiring such a determination in advance of retrial. That Court has pointed out that the status of the plaintiff with respect to the *New York Times* rule depends not only upon whether he had substantial responsibility for or control over the conduct of governmental affairs, or appeared to the public to have such responsibility or control, but also upon whether his position had "such apparent importance" that the public had ( or took ) "an independent interest in [ his ] qualifications and performance . . . beyond the general public interest in the qualifications and performance of all government employees . . . . " *Rosenblatt* v. *Baer, supra.* 86.

In other words as we read the decisions of the Supreme Court it is not sufficient in order to establish the privilege afforded by the *New York Times* rule for this defendant to show that the plaintiff had general charge of financial transactions at the Belknap area, and general supervisory powers under the direction of the county commissioners and county convention. It must appear that his position was "one which would invite public scrutiny and discussion of the person holding it, entirely apart from the scrutiny and discussion" engendered by the defendant's charges of which the plaintiff complains. *Rosenblatt* v. *Baer, supra,* 87, n. 13; *Time Inc.* v. *Hill,* 385 U. S. 374, 407 ( opinion of *Harlan,* J. ); *Curtis Publishing Co.* v. *Butts,* 388 U. S. 130, 153.

We are counseled against "blind application of *New York Times Co.* v. *Sullivan,* " in favor of consideration of "the factors which arise in the particular context." *Curtis Publishing Co.* v. *Butts, supra,* 148. These considerations present issues of fact not tried at the former trial, upon which the plaintiff is entitled to the decision of a jury under the Constitution of this state. Const., Pt. I, *Arts.* 14th, 20th; *State* v. *Saunders,* 66 N. H. 39, 76.

We do not read the "remark" of the Supreme Court in *Rosenblatt* v. *Baer, supra,* to be a holding that the Constitution of the United States requires otherwise. And see *Rosenblatt* v. *Baer, supra,* 96 ( opinion of *Black,* J. ). Reference to the authorities

cited by the Court in its footnote confirms this opinion. *Id.*, 88, n. 15. Thus, in the commentary to *s.* 619, of the Restatement of Torts, it is stated: "If the facts are in dispute, the jury is called upon to consider the evidence and pass upon the issues thus raised. It is for the court, however, to decide whether the facts found by the jury make the occasion privileged or to instruct the jury as to what facts they must find in order to hold the occasion privileged." Restatement, Torts, *s.* 619, *comment* a. See also 1 Harper & James, Torts, *s.* 5.29, *p.* 467; Prosser, Torts ( 3d *ed.* ) *s.* 110, *p.* 823.

We agree with the plaintiff that the concern of the United States Supreme Court that an appellate court shall be assured of "the record and findings required for review of constitutional decision" ( *p.* 88, n. 15, *supra* ) can be dispelled by requiring a special verdict of the jury upon the public official issue.

The evidence previously adduced by the parties concerning the plaintiff's responsibilities and duties, as well as any new evidence to be adduced upon retrial will bear upon at least two different issues in the case: the issue of whether the alleged libel applied to the plaintiff and the issue of whether he was a public official. While it is conceivable that there might be a case where the issue of whether the plaintiff was a public official could profitably be tried separately and in advance of other issues, this is not such a case. We are of the opinion that as the record now stands, the Trial Court could not reasonably find that justice requires separate trial of the public official issue.

It follows that the first transferred question is answered in the affirmative: the plaintiff is entitled to a jury trial of the issue of whether he was a public official; and the second question in the negative: it is unnecessary to try the issue separately, and in this case the Court has no discretion to do so. In view of the foregoing conclusions, the third question transferred, with respect to the burden of proof upon separate trial, need not be answered.

The final question transferred is whether the Trial Court has discretion to make the plaintiff's right to "retrial" ( sic ) of the public official issue "conditioned upon his making an offer of proof showing new evidence that Frank Baer was not a public official."

It is not disputed that Baer was in the public employ, but whether as agent or independent contractor, or as a "public official" within the meaning of the Federal Constitutional rule, will depend on facts not yet found. The burden of establishing a

privileged occasion is upon the defendant. Prosser, Torts (3d *ed.*) *s.* 110. He may satisfy that burden by showing either that the plaintiff had substantial responsibility for or control over the conduct of governmental affairs in a position of the character required by the *New York Times* rule, or that he appeared "to the public to have" such responsibility or control. We do not consider that the Trial Court can properly qualify the retrial granted by the United States Supreme Court, by imposition of a condition that the plaintiff must first rebut evidence received at the former trial upon a different issue.

Where higher authority has said that the plaintiff should have the opportunity to adduce proof bringing his claim outside of the *New York Times* rule, it is neither for us nor the Trial Court to say either "nay" or "yea, provided . . . . " Even if he is found to have been a public official, it is still open to him to prove, if he can, that there was malice within the *New York Times* rule.

Accordingly, the fourth question is answered in the negative. The right to trial of the " public official " issue may not be conditioned upon a prior showing of " new evidence " that the plaintiff was not a public official.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.