Sullivan
No. 80-197

JAMES F. MCCUSKER

v.

VALLEY NEWS

April 3, 1981

*Brown & Nixon P.A.*, of Manchester (*Stanley M. Brown & a.* on the brief and *Mr. Brown* orally), for the plaintiff.

*Bell, Falk & Norton*, of Keene (*Ernest L. Bell, III*, on the brief and orally), for the defendant.

PER CURIAM. The issue in this libel case is whether the trial court erred in denying the defendant's motion for summary judgment. We uphold the trial court.

On October 8, 1976, the defendant published an article written by one of its staff writers, Jan Slusmon, who reported that certain unnamed legislators had alleged that the plaintiff, who at that time was 78 and the brother of the then sheriff of Sullivan County, was "being paid $9,000 a year as a part-time deputy sheriff, plus

an undetermined amount of money in per diem fees, despite the fact that he is barely ambulatory."

The plaintiff brought suit alleging that the statements were untrue and libelous. The defendant moved for summary judgment, on the grounds that the plaintiff is, and has been since 1944, a public official, that the article related to his official conduct, that the publication is actionable only on a showing of "actual malice," and that there are no facts that would establish such malice. Jan Slusmon also filed a supporting affidavit claiming that he had accurately reported the legislators' statements and that he had no reason to doubt that the statements were substantially true. The Trial Court (Temple, J.) found that there were genuine issues of fact as to whether the plaintiff was a public official and as to whether proof of "actual malice" was required in order for the plaintiff to recover, and therefore denied summary judgment. The defendant appealed.

■■ If the plaintiff was a public official or a public figure, then, in order to recover for injury to reputation, he would have to prove not only that the defamatory statement was false but also that the defendant published it with knowledge that it was false or with reckless disregard for the truth. Gertz v. Robert Welch, Inc., 418 U.S. 323, 342 (1974); Curtis Publishing Co. v. Butts, 388 U.S. 130, 162–65 (1967) (Warren, C.J., concurring); New York Times Co. v. Sullivan, 376 U.S. 254, 279–80 (1964). If the plaintiff was neither a public official nor a public figure, then he need not prove knowing falsehood or recklessness. Gertz v. Robert Welch, Inc., 418 U.S. at 343–48. Instead, he may recover compensatory damages upon a showing that the defendant was negligent in publishing a defamatory falsehood. See id. at 349–50.

■ Not all government employees are public officials within the meaning of New York Times Co. v. Sullivan. In order to show that the plaintiff is a public official under New York Times, the defendant must prove that the plaintiff's "position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees. . . ." Rosenblatt v. Baer, 383 U.S. 75, 86 (1966). In the Rosenblatt case, the United States Supreme Court "remarked" that the decision as to whether the plaintiff in a defamation action is a public official is "for the trial judge in the first instance." Id. at 88. However, in Baer v. Rosenblatt, 108 N.H. 368, 370–71, 237 A.2d 130, 132–33 (1967),

decided after remand from the Supreme Court, we held that the Constitution of this State, N.H. CONST. pt. I, arts. 14 and 20, entitled the plaintiff to a jury trial on this issue with proper instructions from the court. We reinforced this position in *Thomson v. Cash*, 119 N.H. 371, 378, 402 A.2d 651, 656 (1979).

■ In remarking that the issue of whether an individual is a public official was in the first instance for the trial judge, the United States Supreme Court was concerned with the possibility that a jury, in making the determination, would be influenced by its view of the defendant and his publication. *See Rosenblatt v. Baer*, 383 U.S. at 88 n.15. This concern is not unlike that expressed in *Jackson v. Denno*, 378 U.S. 368 (1964), with respect to the determination of the voluntariness of confessions. We are of the opinion, however, that this concern can be dispelled by careful instructions to the jury and by the use of a special verdict on the public official issue. *See Baer v. Rosenblatt*, 108 N.H. at 371, 237 A.2d at 133. Whether this issue should be "tried separately and in advance of other issues" is a matter best left to the sound discretion of the trial court. *Id.*

■■ What we have said with regard to the public official issue also applies to the issue of whether the plaintiff was a public figure as defined in such cases as *Wolston v. Reader's Digest Assn. Inc.*, 443 U.S. 157, 164 (1979); *Time, Inc. v. Firestone*, 424 U.S. 448, 453 (1976); and *Gertz v. Robert Welch, Inc.*, 418 U.S. at 344–47.

The plaintiff in this case was the sheriff of Sullivan County, an elective office, from 1943 to 1966. At the time of the publication in question, he was a deputy sheriff under an appointment of his brother, then the sheriff. In his capacity as deputy sheriff, the plaintiff's duties consisted of serving process, interviewing complainants, doing investigative work, and acting as bailiff for the superior court. The plaintiff has served as president of the New Hampshire Sheriffs' Association. In 1955, he organized the Sullivan County Peace Officers' Association. In the late 1930's, he was the president of the Permanent Fireman's Association, and in 1939 he authored a legislative bill providing for firemen's retirement. He has been active over the years in political campaigns and has spoken to service and women's clubs.

The plaintiff's position as a deputy sheriff does not place him in the category of a public official as a matter of law. Neither can we say that the plaintiff was a public figure as a matter of law. The trial court was correct in holding that genuine issues of fact existed which required the denial of summary judgment for the defendant.

We also agree with the plaintiff that, even assuming that the *New York Times* test of "actual malice" does apply, there are genuine issues of fact in this case. Even if there may be cases in which summary judgment would be appropriate, this is not one of them. *See Hutchinson v. Proxmire*, 443 U.S. 111, 120 n.9 (1979); *Thomson v. Cash*, 119 N.H. 371, 402 A.2d 651 (1979).

*Exceptions overruled; remanded.*

GRIMES, C.J., did not sit.