# David Blouin v. Roger Anton; The Times Argus Association, Inc.; Irene Racz

[431 A.2d 489]

No. 252-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Monte & Monte,* Barre, for Plaintiff.

*Brian J. Grearson* of *Richard E. Davis Associates, Inc.,* Barre, for Anton.

*Paterson, Gibson, Noble & Goodrich,* Montpelier, for Times Argus and Racz.

**Underwood, J.** The plaintiff alleged that the defendant news-paper, the Times Argus, on December 5, 1977, wilfully, falsely and maliciously published a defamatory news article about him under the by-line of its reporter, defendant Racz. He further alleged that the news article quoted slanderous remarks about him made by the defendant Anton to the reporter. A copy of the article was attached to and incorporated by reference into the plaintiff's complaint.

From a review of the pleadings, the following facts appear to be uncontroverted. The plaintiff, a former Barre alderman and school commissioner, had recently lost a bid for re-election as alderman to the defendant, Roger Anton, the incumbent. Furthermore, defendant Anton had publicly indi-

cated that he was considering running for mayor at the end of his first term as alderman.

Defendant Racz interviewed both the plaintiff and defendant Anton and then wrote an article for the newspaper which ran under the headline: "If Anton Runs for Office, Blouin Vows to Oppose Him." The article reported that the plaintiff would like to edge Anton out of political office the following March and that he would oppose Anton in any political race that the latter might decide to enter. In the same interview, the plaintiff made some derogatory remarks about Anton's qualifications as a prospective mayoral candidate, as well as some snide characterizations of Anton as incumbent alderman. He was particularly vociferous about Anton's practice of meeting only twice a week in the evenings with his constituents, and then only at his motel rather than at the constituents' homes. The article reported this fact, and that Anton had questioned whether the alderman would have the time to serve as mayor.

Defendant Racz recounted these remarks to defendant Anton in her interview with him. She reported that defendant Anton had responded that the plaintiff's charges were groundless and had termed the plaintiff a "horse's ass." "I don't care what he says," said Anton, "as far as I am concerned he's a jerk." Further on in the interview, Anton was reported as saying, "I don't even want to respond to that idiot, I think he is a little paranoid."

The plaintiff contends that the remarks of defendant Anton, reported by defendant Racz and published in the Times Argus, exposed him to public hatred, contempt and ridicule, causing him financial injury, embarrassment and humiliation, and that the article impeached his honesty, integrity and professional ability as an accountant in northern Vermont. Each of the defendants filed an answer to the plaintiff's complaint as well as affirmative defenses.

The matter came on for hearing on the defendants' motions for judgment on the pleadings. The court granted the motions and entered judgment in favor of each defendant. The plaintiff appeals.

 After the pleadings are closed, a defendant may move for judgment on the pleadings for failure to state a

claim upon which relief can be granted. V.R.C.P. 12(c). The test to be applied to such a motion is whether the movant is entitled to judgment as a matter of law on the basis of the pleadings. 6 Moore's Federal Practice ¶ 56.02(3), at 56-28–56-29 (2d ed. 1976). For purposes of the motion, all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true, and all contravening assertions in the movant's pleadings are taken to be false. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, at 691, 693 (1969). See also *Reynolds* v. *Sullivan,* 136 Vt. 1, 2–3, 383 A.2d 609, 611 (1978); *Sabourin* v. *Woish,* 117 Vt. 94, 97–98, 85 A.2d 493, 496 (1952).

██ The sole issue to be decided on the motions is whether the words attributed to defendant Anton, which were reported in an article written by defendant Racz and published in the defendant newspaper, the Times Argus, and which characterized the plaintiff as a "horse's ass," "a jerk," "an idiot" and "paranoid," constituted a basis for a libel action.

██ We hold that these words, used in the context of a political skirmish between two potential candidates for mayor, could not reasonably have been believed, by any person reading the news article, as being used in their literal sense or with a wilful or malicious intent to denigrate or ridicule the plaintiff in his profession as an accountant. The vitriolic replies to the remarks attributed to the plaintiff were directed at the plaintiff as a potential political foe and not as an accountant. The words "horse's ass," "jerk," "idiot" and "paranoid" used in that context are not libelous per se. Cf. *Hoar* v. *Ward,* 47 Vt. 657 (1875); *Curtis Publishing Co.* v. *Birdsong,* 360 F.2d 344 (5th Cir. 1966); *Capps* v. *Watts,* 271 S.C. 276, 246 S.E.2d 606 (1978).

██ Such words may be insulting, abusive, unpleasant and objectionable, but they are not defamatory in and of themselves. Where allegedly damaging words are published in a newspaper, and their meaning is unambiguous, it is the trial court's first duty to determine their meaning and whether the publication is defamatory per se. *Lancour* v. *Herald & Globe Association,* 111 Vt. 371, 379, 17 A.2d 253,

256 (1941). Cf. *Michlin* v. *Roberts,* 132 Vt. 154, 163, 318 A.2d 163, 169 (1974). In the case at bar, the trial judge did first interpret the meaning of these words as unambiguous and then correctly ruled that the words did not constitute libelous statements as a matter of law.

■ Clearly, defendant Anton was speaking in hyperbole as he reacted to the criticisms leveled at him by the plaintiff and relayed to him by the reporter. As such, the publication of his remarks is protected by the First Amendment of the U.S. Constitution and chapter I, article 13 of the Vermont Constitution.

Although not on all fours with the case at hand, the holding in *Curtis Publishing Co.* v. *Birdsong, supra,* is very persuasive. In that case, the publishing company quoted a remark made by a Department of Justice official concerning a lack of cooperation from the Mississippi police when the first black student was seeking admission at the University of Mississippi. The official was reported to have said, "Those bastards just walked off and left us." *Id.* at 345.

In that case, the court said that the use of the words "those bastards" was a mere epithet and concluded:

> As such they had no real meaning except to indicate that the individual who used them was under a strong emotional feeling of dislike toward those about whom he used them. Not being intended or understood as statements of fact they are impossible of proof or disproof. Indeed such words of vituperation and abuse reflect more on the character of the user than they do on that of the individual to whom they are intended to refer. It has long been settled that such words are not of themselves actionable as libelous. [*Id.* at 348.]

■ An appellation may be quite false, abusive, unpleasant and objectionable without being defamatory. Although we do not condone the manner in which defendant Anton publicly vented his spleen, we cannot help but note that perhaps the plaintiff assumed the risk of such retaliatory remarks when he himself publicly attacked another politician as too busy to be concerned for the needs of his constituents,

while at the same time vowing to run against him, whether he ran for re-election as alderman or for mayor.

Because we affirm the ruling of the trial judge in granting judgment on the pleadings as to each of the defendants on the ground that the statements attributable to the defendant Anton, and reported and published by the defendants Racz and Times Argus Association, Inc., were not libelous per se, it is unnecessary for us to rule on the other issues raised by the plaintiff.

*Judgment affirmed.*