Hillsborough
No. 82-046

GEORGE H. MORRISSETTE

v.

DONALD B. COWETTE & a.

August 6, 1982

732

*Theodore Barnes*, of Concord, by brief and orally, for the plaintiff.

*Brown & Nixon P.A.*, of Manchester (*David L. Nixon* and *Edward Stewart, Jr.*, on the brief, and *Mr. Stewart* orally), for the defendants.

DOUGLAS, J. The plaintiff, George Morrissette, contends that the Superior Court (*Flynn*, J.) erred in dismissing his libel action. We uphold the trial court.

The plaintiff alleges that he was libeled during the summer of 1980, while he was a candidate for the New Hampshire State Senate, when the president of the defendant New Hampshire State Labor Council, AFL–CIO, sent a letter to union members urging them to support the plaintiff's opponent, the incumbent Senator Norman Champagne. In the final two paragraphs of the letter, the defendants stated:

> "Senator Champagne is running in the Democratic primary against George Morrisette [sic] in this heavily Democratic district, and Champagne can win the primary if we get the support of union people. If we wish to

maintain a strong labor movement in New Hampshire, it is imperative that we re-elect Senator Champagne.

The New Hampshire State Labor Council, AFL–CIO supports the candidacy of Senator Champagne. Since our opponents have a seemingly endless supply of money, we must respond with the only resource that we have available—your vote."

One month after he was defeated in the primary election, the plaintiff brought suit alleging counts in libel, interference with prospective advantage, and violation of the State campaign financing law. The latter two counts were dismissed without objection on the defendants' motion. The superior court also granted the defendants' motions for summary judgment on, and dismissal of, the plaintiff's libel count, ruling that the defendants' letter was not defamatory as a matter of law. The plaintiff appealed to this court.

■ In reviewing a case involving summary judgment, we must consider the pleadings and affidavits filed in support of the motion to see if they raise a genuine issue of material fact. *Nashua Trust Co. v. Weisman*, 122 N.H. 397, 445 A.2d 1101 (1982). We must assume all the allegations in the plaintiff's pleadings are true and construe all reasonable inferences in his favor. *Kenneth E. Curran, Inc. v. Auclair Transp., Inc.*, 121 N.H. 451, 454, 431 A.2d 124, 126 (1981). After examining all the material that was before the trial court—affidavits, answers to written interrogatories, and depositions—we conclude that no genuine issue of material fact was raised.

■ To be libelous, language must be defamatory; that is, "it must tend to lower the plaintiff 'in the esteem of any substantial and respectable group, even though it may be quite a small minority.' " *Thomson v. Cash*, 119 N.H. 371, 373, 402 A.2d 651, 653 (1979) (quoting W. PROSSER, TORTS § 111, at 743 (4th ed. 1971)). The threshold question, therefore, is whether the defendants' words were reasonably capable of a defamatory meaning. *See Thomson v. Cash*, 119 N.H. at 373, 402 A.2d at 653; *Jones v. Walsh*, 107 N.H. 379, 380, 222 A.2d 830, 831–32 (1966).

■ Words alleged to be defamatory must be read in the context of the publication taken as a whole. *Thomson v. Cash*, 119 N.H. at 374, 402 A.2d at 653; *see Desert Sun Pub. Co. v. Superior Court*, 97 Cal. App. 3d 49, 52, 158 Cal. Rptr. 519, 521 (1979). We must take into consideration "all the circumstances under which [the] words were written, their context, [and] the meaning which could

reasonably be given to them by the readers. . . ." *See Chagnon v. Union-Leader Co.*, 103 N.H. 426, 435, 174 A.2d 825, 831 (1961), *cert. denied*, 369 U.S. 830 (1962). We agree with the trial court that

"the letter as a whole reads as a letter of endorsement and . . . a union-member reader could only reasonably conclude that its purpose and effect was not to defame the plaintiff but to promote the candidacy of Champagne.
Any disparaging inferences, which might flow from statements contained in the letter, do not rise, as a matter of law, to the level of defamation, especially in light of the electoral context in which they were publicized and the hyperbole which predictably accompanies political endorsements."

The only explicit reference to the plaintiff in the defendants' letter reads:

"Senator Champagne is running in the Democratic primary against George Morrisette [sic] in this heavily Democratic district, and Champagne can win the primary if we get the support of union people. If we wish to maintain a strong labor movement in New Hampshire, it is imperative that we re-elect Senator Champagne."

This language does not state or imply that the plaintiff is corrupt or committed any type of misconduct, crime, or wrongdoing. Nor is the phrase appearing in the next paragraph susceptible of a defamatory meaning. That phrase refers to the opponents' "seemingly endless supply of money." The word "opponents" is plural, and makes no direct reference to the plaintiff.

Furthermore, the allegedly libelous words concerned a person seeking public office. Freedom of expression is encouraged and protected in the area of political debate. *See Desert Sun Pub. Co. v. Superior Court*, 97 Cal. App. 3d at 52, 158 Cal. Rptr. at 521; *Blouin v. Auten*, 139 Vt. 618, 621–22, 431 A.2d 489, 490–91 (1981). We are more tolerant of potentially offensive statements when uttered as opinions, *see Pease v. Telegraph Pub. Co., Inc.*, 121 N.H. 62, 65, 426 A.2d 463, 465 (1981), especially when they are directed at a public figure in a political context and they do not imply that they are based upon fact. *See* RESTATEMENT (SECOND) OF TORTS § 565, at 170 (1977).

■ The defendants' reference to a *"seemingly* endless supply of money" (emphasis added) indicates that the statement is not based upon fact. Because the actual words in the defendants' letter as well

as the inferences and innuendoes flowing from those words, constituted statements of opinion directed at a public figure in a political context, we hold that they were protected by the first amendment. Summary judgment was appropriate in this case because the plaintiff has presented no genuine issue of material fact. *McCusker v. Valley News*, 121 N.H. 258, 262, 428 A.2d 493, 495, *cert. denied*, 102 S. Ct. 552 (1981); *see also Downing v. Monitor Publishing Co.*, 120 N.H. 383, 387, 415 A.2d 683, 686 (1980).

*Affirmed.*

KING, C.J. , did not sit; the others concurred.