Gina Marie CATALFO; Alfred T. Catalfo; Carole Joanne Catalfo; Alfred Catalfo, Jr.

v.

Jack JENSEN; Jon Crispin; Brad Edmondson; Ithaca Times.

Civ. Nos. 85–588–D to 85–591–D.

United States District Court, D. New Hampshire.

Feb. 21, 1986.

Thomas E. Flynn, Jr., Gerald Tauge, Portsmouth, N.H., for plaintiff.

Dirk Galbraith, Ithaca, N.Y., for Jensen.

James A. Salk, Trumansburg, N.Y., Byron J. Siegal, Portsmouth, N.H., for Crispin.

Peter J. Walsh, Ithaca, N.Y., for Edmondson.

William L. Chapman, Concord, N.H., Richard B. Thaler, Ithaca, N.Y., for Ithaca Times.

Steven Eric Feld, Portsmouth, N.H., for Jensen and Edmondson.

## ORDER

DEVINE, Chief Judge.

In this action, plaintiff Alfred Catalfo, Jr., and his three children, plaintiffs Gina Marie, Alfred T., and Carole Joanne, have individually brought suit against defendants Jack Jensen, Jon Crispin, Brad Edmondson, and *Ithaca Times* seeking damages for an allegedly defamatory article printed in the *Ithaca Times* and *Portsmouth Magazine* in March 1984. Plaintiffs originally brought these individual suits in Strafford County Superior Court. Pursuant to 28 U.S.C. § 1441, however, these actions were properly removed to this court, with jurisdiction being based upon 28 U.S.C. § 1332, the citizenship of the parties being diverse [1] and the amount in controversy exceeding $10,000 exclusive of interest and costs. Presently before the Court is defendant Crispin's motion for summary judgment, Rule 56, Fed.R.Civ.P., in each of the individual defamation cases and plaintiffs' objections thereto.

Rule 56(c), Fed.R.Civ.P., provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment bears the burden of demonstrating that there is no disputed issue of fact which is both "genuine" and "material". *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir.1986) (citations omitted). A dispute of fact is material if it "affects the outcome of the litigation" and is genuine if manifested by "substantial" evidence "going beyond the allegations of the complaint". *Taylor v. Hercules, Inc.*, 780 F.2d 171, 174 (1st Cir.1986). *Pignons S.A. de Mecanique v. Polaroid*, 657 F.2d 482, 486 (1st Cir. 1981). In addition, the record must be viewed in the light most favorable to the party opposing the motion, and all inferences favorable to such party must be indulged. *General Office Products Corp. v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077, 1078 (1st Cir.1986); *Stepanischen v. Merchants Despatch Transportation Co.*, 722 F.2d 922, 928 (1st Cir.1983). For the following reasons, the Court finds and rules that defendant Crispin's motion for summary judgment must be granted.

The record before the Court reveals the following facts. An article was published in both the *Ithaca Times* and the *Portsmouth Magazine* at about the time of New Hampshire's 1984 first-in-the-nation presidential primary. The article, entitled "Cookies and Candipods", satirically and often cynically reviewed the press coverage of the myriad presidential candidates campaigning in the Granite State at that time. The paragraphs of the article of concern to the Court describe a campaign visit by the Walter Mondale entourage to the home of plaintiffs herein. In the article, plaintiff Alfred Catalfo, Jr., is described as "a fat version of Dustin Hoffman's 'Ratso' in Midnight Cowboy", and the plaintiff Catalfo children are described as "the sleazy little Catalfos". The article was written by "Jack Jensen, with Brad Edmondson and Jon Crispin", and subtitled "3 brash young journalists cover the press covering the candidates covering New Hampshire". A biographical box on the first page of the article notes that:

> JACK JENSEN is a staff writer for the *Ithaca Times*, a free circulation newsweekly in New York and JON CRISPIN is a free lance photographer whose work often appears in the Times. BRAD EDMONDSON, Times editor, assisted with the production of the article and photographs. The trio, all under 30, are all Cornell University graduates and admit that they subscribe to the 'Hunter S. Thompson School of Journalism.'

 The Court is cognizant of the fact that society has a persuasive and strong interest in preventing and redressing def-

---

1. Plaintiffs are citizens of New Hampshire, residing in Dover, New Hampshire, while defendants Jensen, Crispin, and Edmondson are citizens of New York, and defendant *Ithaca Times* is a New York corporation with a principal place of business in Ithaca, New York.

amation or attacks upon people's reputations. *Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966). And language is defamatory when it tends "to lower the plaintiff in the esteem of any substantial and respectable group, even though it may be quite a small minority." *Morrissette v. Cowette*, 122 N.H. 731, 733, 449 A.2d 1221 (1982), *quoting Thomson v. Cash*, 119 N.H. 371, 373, 402 A.2d 651 (1979). Moreover, it is established that a defamation claim requires a plaintiff to plead and prove that the matter complained of is false and defamatory and published or communicated to a third person with malice or bad intent. W. Prosser, *Law of Torts* § 111–113 (4th ed. 1971); *see, e.g., Duchesnaye v. Munro Enterprises, Inc.*, 125 N.H. 244, 253, 480 A.2d 123 (to be actionable, defamation need be published to only one person other than plaintiff). In addition, it is also established that every person who directly or indirectly publishes or assists in the publication of an actionable defamatory statement is liable for the resultant injury. *German v. Killeen*, 495 F.Supp. 822, 832 (E.D.Mich.1980); *Noyes v. Thorpe*, 73 N.H. 481, 482–83, 62 A. 787 (1901).

■ The basic issue before the Court as framed by the parties is whether defendant Crispin published either directly or indirectly the alleged defamatory statements contained in the subject article. Some insight into the issue is provided by several decisions involving a defamation suit brought against the *Washington Post*, its reporters, and its Chief Executive Officer. In *Tavoulareas v. Piro*, 93 F.R.D. 11 (D.D.C.1981), plaintiffs sued, among others, Katherine Graham, Chairman of the Board and Chief Executive Officer of the Washington Post Company, for an allegedly libelous article which had appeared in the *Washington Post*. Noting that "some responsible participation is clearly a prerequisite to any potential liability of Mrs. Graham", *id.* at 15 (citations omitted), the court ruled that Mrs. Graham was entitled to summary judgment since the undisputed facts revealed that she was removed from the day-to-day operation of the newspaper; she did not have general responsibility for the op-

eration of the paper; her personal views were not reflected in the challenged article; and she had not participated in any form in preparing or publishing the article. *Id.* Similarly, in *Tavoulareas v. Piro*, 759 F.2d 90 (D.C.Cir.1985), a judgment n.o.v. entered in favor of a reporter sued for his participation in the allegedly libelous *Washington Post* article was affirmed by the circuit court. The court noted that "[t]o be liable for defamation, defendant ... must have *published* or knowingly participated in publishing the defamation." *Id.* at 136. The defendant reporter had not actually written or edited the article, nor had he exercised any control or influence over its publication. Moreover, the reporter did not know what the final article would contain. The reporter's involvement with the article was limited to sparking the initial investigation of the story, supplying a source for the article, and furnishing some initial information for the article. *Id.*

In the instant case, defendant Crispin argues that he is entitled to judgment as a matter of law since the undisputed facts indicate that he was not a responsible participant in the publication of the article, and without such publication, there can be no liability. The Court agrees. Defendant Crispin has proffered, in addition to the article itself, three affidavits—one from each of three individual defendants. In these affidavits, it is sworn that defendant Crispin was a free-lance photographer at the time of the publication, not a staff photographer for the *Ithaca Times;* he did not assist or supervise in the writing of the article; he did not write or edit the article; and he was only responsible for the photographs accompanying the article. Plaintiffs have produced no evidence to rebut these affidavits.

Given defendant Crispin's unrebutted documentation concerning his role, or lack of it, in preparing the allegedly libelous article, the Court is satisfied that he, as a free-lance photographer, did not publish, directly or indirectly, the challenged arti-

cle.[2] Contrary to plaintiff's assertion, there does not remain a genuine issue of fact pertaining to the extent of defendant Crispin's involvement in the publication. The purpose of the summary judgment procedure is to pierce the pleadings so that the burden of trial will not be wasted on baseless claims. As noted by then Judge Cardozo, "[t]he very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of trial." *Richard v. Credit Suisse*, 242 N.Y. 346, 350, 152 N.E. 110, 111 (1926).

In the instant case, defendant Crispin has effectively pierced the pleadings through his submitted affidavits. Plaintiffs' defamation claim relied upon the fact that Crispin's name appeared in the article byline. Crispin, through his affidavits, has conclusively shown that this fact is not susceptible to the interpretation which plaintiffs sought to afford to it. Thus, the burden shifted under Rule 56(e)[3] to plaintiffs to produce some evidence of defendant Crispin's responsible participation in the publication. It is a burden which plaintiffs herein have failed to carry. *See, e.g., First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968) (Rule 56[e] placed upon plaintiff the burden of producing evidence after defendant showed that facts upon which plaintiff relied to support allegations were not susceptible to plaintiff's interpretation). As recently noted by the United States Court of Appeals for the First Circuit in *Finn v. Consolidated Rail Corp., supra*, 782 F.2d at 16:

> The opposing party cannot defeat summary judgment by mere allegations but must bring 'sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties differing versions of the truth at trial.' *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904 [96 S.Ct. 1495, 47 L.Ed.2d 754] (1976) (quoting *First National Bank of Arizona v. Cities Service Co., Inc.*, 391 U.S. 253, 289 [88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569] (1968)). The burden is on both parties to file necessary materials with the court to support their claims for and against summary judgment. Fed.R.Civ.P. 56(e) and *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 929–30 (1st Cir.1983).

Plaintiffs further argue that even if defendant Crispin did not publish the allegedly defamatory article, he ratified it by allowing the article to appear under his byline. The Court finds this "ratification" argument to be without merit. "Notions such as 'ratification' or 'approval' rest on the assumption that the party charged with liability had some authority over the tortious activity or was a responsible participant in its implementation." *Davis v. Costa-Gavras*, 580 F.Supp. 1082, 1098 (S.D.N.Y.1984). Again, defendant Crispin's documentation in support of the motion for summary judgment effectively refutes the allegation that he had any authority over the alleged tortious activity or that he was a responsible participant in its implementation. Plaintiffs have not submitted any documentation to the contrary and hence have failed to sustain their burden under Rule 56(e) with respect to the issue of ratification of the alleged libel.

In summary, the Court finds and rules that defendant Crispin is entitled to judgment as a matter of law since he, as the

---

**2.** Rule 56(e) provides in pertinent part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

**3.** While the Court is aware that the question of a defendant's responsibility for publication is generally a factual one, *Skeoch v. Ottley*, 377 F.2d 804, 808 (3d Cir.1967), resolution of the question is permissible at the summary judgment level where the undisputed facts reveal the absence of any involvement therein by the defendant. *See Tavoulareas v. Piro, supra*, 93 F.R.D. at 15.

photographer covering the story, was not a responsible participant in the publication of the challenged *Ithaca Times* and *Portsmouth Magazine* article. The Court, in addition, rules that the four individual Catalfo cases will hereinafter be consolidated for purposes of trial and discovery under master docket number 85–588–D. *See* Rule 42(a), Fed.R.Civ.P. Any pleadings pertaining to two or more cases shall be captioned with this master docket number.

SO ORDERED.