■ HAROLD L. DePUY, Respondent, v ST. JOHN FISHER COLLEGE ET AL., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs and defendants' motion granted. Memorandum: Five years after his dismissal from the teaching faculty of St. John Fisher College, plaintiff challenged the college faculty and administration to a "teach-in" and offered $2,000 to anyone who could out-teach him. When interviewed by a reporter for the college student newspaper, defendant Cavanaugh, chairman of the English Department, stated, "I frankly am too busy for that kind of nonsense. It just reaches a point when you don't pay attention to a clown." This statement was published in the newspaper together with factual details concerning plaintiff's "teach-in" challenge.

Plaintiff commenced an action against the college for wrongful discharge and against the college and Cavanaugh for libel. The libel claim was predicated upon plaintiff's contention that reference to him as a "clown" was untrue and meant that he

was unqualified as a teacher and not worthy of the respect due a member of the teaching profession. No special damages were alleged. Defendants appeal from a denial of their motion for partial summary judgment dismissing the libel cause of action.

We conclude that defendants' motion should have been granted. It is for the court to determine, in the first instance, whether the words are susceptible of the defamatory meaning ascribed to them by plaintiff (Aronson v Wiersma, 65 NY2d 592, 593). "The words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (supra, at 594).

The fact that Cavanaugh's statement was made solely in the context of plaintiff's teach-in challenge is uncontroverted. The comment related only to plaintiff's conduct in issuing the challenge and was not related to, or made in reference to, plaintiff's abilities as a teacher or his reputation as a scholar. Moreover, reference to plaintiff as a "clown" amounted to no more than name-calling or a general insult, a type of epithet not to be taken literally and not deemed injurious to reputation (see, Lyons v New Am. Lib. 78 AD2d 723, 725; see also, Curtis Publ. Co. v Birdsong, 360 F2d 344; Moriarty v Lippe, 162 Conn 371, 294 A2d 326; McGuire v Jankiewicz, 8 Ill App 3d 319, 290 NE2d 675; Blouin v Anton, 139 Vt 618, 431 A2d 489; Sack, Libel, Slander and Related Problems, at 58-62). "A certain amount of vulgar name-calling is tolerated, on the theory that it will necessarily be understood to amount to nothing more" (Prosser and Keeton, Torts § 111, at 776 [5th ed]). We conclude that in the context in which the statement was made, it was not susceptible of a defamatory meaning and was not actionable. (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—partial summary judgment.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.