Hayhurst v. Timberlake                    CV-94-199-SD  11/14/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Donald Hayhurst, N.M.D.


     v.                              Civil No. 94-199-SD


Robert Timberlake, et al


## O R D E R


     In this diversity action, plaintiff Donald Hayhurst alleges he was defamed by certain of the defendants' statements. Defendant American Association of Naturopathic Physicians (AANP) has moved to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  By order dated May 15, 1996, the court gave the plaintiff leave to submit a motion to amend his complaint to bring a claim solely based on defendant Robert Timberlake's allegedly defamatory statements to Patricia DeSilvio.  Subsequently, the court reconsidered its order on July 8, 1996, and upheld it both on the previously stated ground and on an alternative basis.  The court also gave the plaintiff leave to amend his complaint as defendant had not objected.

     The AANP has filed a motion to dismiss the first amended complaint, and other named defendants have filed a supplemental memorandum of law, which essentially reiterates the motion filed

the by AANP. Also before the court is plaintiff's objection. As the background of the case was summarized in the order dated May 15, 1996, the court will proceed directly to the merits.

## Discussion

### 1. Rule 12(b)(6) Standard

To resolve defendants' Rule 12(b)(6) motion, the court must "take the well-pleaded facts as they appear in the complaint, extending plaintiff every reasonable inference in [her] favor." Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993) (citing Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1982)). A Rule 12(b)(6) dismissal is appropriate "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

### 2. Plaintiff's Defamation Claim

Defendants launch several attacks on plaintiff's complaint, which the court will now attend to in order. The defendants first argue that the amended complaint does not comply with the court's order of May 15, 1996, in which the court limited the

2

plaintiff to adding a claim based on Timberlake's statements to DeSilvio. Defendants complain that plaintiff has expressly incorporated by "reference" his original complaint in its entirety. Defendants' contention has been rendered moot, however, as plaintiff subsequently deleted that portion of the complaint. The defendants' next argument, that plaintiff has included allegations of "libel, slander, and defamation" rather than simply allegations of slander, is similarly meritless.

a. Pleading Requirements for Defamation

The defendants argue, citing New Hampshire state law, that plaintiff's allegations of slander are deficient because they do not include the exact words used. In support thereof, defendants cite a New Hampshire case requiring that the pleader "set out the words themselves." See Gendron v. St. Pierre, 72 N.H. 400, 401 (1903).

In general, a federal court sitting in diversity applies the federal rules of civil procedure, even "'where the applicable federal rule is in direct collision with the law of the relevant State.'" Valedon Martinez v. Hospital Presbiteriano, 806 F.2d 1128, 1134 (1st Cir. 1986) (quoting Hanna v. Plumer, 380 U.S. 460, 472 (1965)). Accordingly, Rule 8(a), Fed. R. Civ. P., and not New Hampshire law, provides the pleading requirement for plaintiff's defamation claim. See Tuman v. Genesis Assocs., 935

3

F. Supp. 1375, 1391 (E.D. Pa. 1996) (applying federal rules of civil procedure, not Pennsylvania law, to determine the level of pleading required for plaintiff's defamation claim); Kalika v. Stern, 911 F. Supp. 594, 603 (E.D.N.Y. 1995) (coming to same conclusion with respect to New York's strict pleading requirements for defamation).

Under Rule 8(a), a complaint for defamation need not set forth the precise defamatory statements, so long as it provides sufficient notice to the defendants. See Tuman, supra, 935 F. Supp. at 1391; Kalika, supra, 911 F. Supp. at 603 (noting that complaints that do not specifically plead the allegedly defamatory words have been held sufficient).

In the amended complaint, plaintiff alleges that "[f]ollowing the meeting, Defendant Timberlake approached Mrs. DeSilvio and made disparaging statements about Dr. Donald Hayhurst; to wit, Mr. Timberlake specifically said that Dr. Hayhurst was a 'fraud' and that he had no credentials." Plaintiff's First Amended Complaint ¶ 9. The court finds and rules that such pleading easily meets the liberal pleading requirements of the federal rules of civil procedure, and most likely even meets the requirements of New Hampshire law. Accordingly, the court rejects the defendants' argument regarding the level of specificity of the allegations of defamation.

4

b.  Content of Defamatory Statements

To establish defamation, a plaintiff must generally show that "a defendant failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff to a third party." Independent Mechanical Contractors, Inc. v. Gordon T. Burke & Sons, Inc., 138 N.H. 110, 118, 635 A.2d 487, 492 (1993) (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977); 8 Richard B. McNamara, New Hampshire Practice, Personal Injury, Tort and Insurance Practice § 2 (1988)).  A statement is defamatory if it tends "'to lower the plaintiff in the esteem of any substantial and respectable group, even though it may be quite a small minority.'"  Riblet Tramway Co. v. Ericksen Assocs., Inc., 665 F. Supp. 81, 84 (D.N.H. 1987) (quoting Morrissette v. Cowette, 122 N.H. 731, 733, 449 A.2d 1221, 1221 (1982)) (internal quotation omitted).

Statements alleged to be defamatory should be considered in the context of the publication taken as a whole. Duchesnaye v. Munro Enters., 125 N.H. 244, 249, 480 A.2d 123, 125 (1984).  The expression of an opinion can serve as the basis for a defamation claim when the statement reasonably implies the existence of nondisclosed defamatory facts, see Nash v. Keene Publishing Corp., 127 N.H. 214, 219, 498 A.2d 348, 351 (1985), and it is

5

actually understood that way, <u>Duchesnaye</u>, <u>supra</u>, 125 N.H. at 249, 480 A.2d at 125.

An opinion, no matter how pernicious it may seem, is not defamatory, however, if it is apparent from the surrounding context that the opinion is based on disclosed facts that are not, in and of themselves, defamatory. <u>Milkovich v. Lorain Journal Co.</u> 497 U.S. 1, 21 (1990); <u>Nash</u>, <u>supra</u>, 127 N.H. at 219, 498 A.2d at 351; <u>Pease v. Telegraph Pub. Co.</u>, 121 N.H. 62, 65-66, 426 A.2d 463, 465 (1981). It is for the court, in the first instance, to determine whether a defendant, in stating an opinion, has implied an actionable statement of fact. <u>Nash</u>, <u>supra</u>, 127 N.H. at 219; <u>Pease</u>, <u>supra</u>, 121 N.H. at 65, 426 A.2d at 465.

Defendants next argue that plaintiff's allegations concern mere opinions and have not set forth any facts upon which the opinion was based. However, the complaint states that Timberlake asserted to DeSilvio that Hayhurst was a fraud with no credentials. First Amended Complaint ¶ 9. Taking the allegations of the complaint as true, and giving due consideration to the context in which the statement was made,[*]

---

[*]The court notes that it has previously ruled that a similar statement uttered by Timberlake did not appear to be based on a defamatory fact. However, the context in which the previous statement was uttered differs entirely from the context in which the defendant made the statement to DeSilvio.

the court finds that this statement does set forth a defamatory fact, assuming the other requirements of defamation are met.

### c. Absolute Privilege

In addition, defendants argue that the statements made by Timberlake to DeSilvio would be privileged as they were made in connection with a legislative process. However, the alleged statements were made to a private individual, DeSilvio, outside of a legislative setting. Taking the plaintiff's allegations as true, as the court must when reviewing a motion brought pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court cannot grant defendants' motion to dismiss on the basis of a legislative privilege.

### d. Other Defenses Previously Raised

Defendants further assert that they rely on other defenses raised in connection with a previously filed motion for summary judgment. However, given that no motion for summary judgment is presently pending and defendants have filed only a motion to dismiss, it would be premature for the court to rule on such arguments at this juncture. This conclusion is further supported by the fact that defendants have not tailored their arguments to the allegations in the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss (document 120).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 14, 1996

cc:    All Counsel

8