EMBERS SUPPER CLUB, INC., APPELLANT, *v.* SCRIPPS-HOWARD BROADCASTING COMPANY, APPELLEE.

[Cite as Embers Supper Club, Inc. *v.* Scripps-Howard Broadcasting Co. (1984), 9 Ohio St. 3d 22.]

(No. 83-102—Decided January 11, 1984.)

*Strauss, Troy & Ruehlmann Co., L.P.A., Mr. Charles G. Atkins* and *Mr. William R. Jacobs,* for appellant.

*Messrs. Wood, Lamping, Slutz & Reckman, Mr. Harry M. Hoffheimer, Messrs. Baker & Hostetler, Mr. Bruce W. Sanford, Mr. Lee Levine* and *Mr. Brian S. Harvey,* for appellee.

CLIFFORD F. BROWN, J. The directed verdict for defendant requires determining the standard or rule for imposing liability upon a defendant which publishes false statements concerning a plaintiff who is not a public official or public figure. Since plaintiff is not a public official or public figure, the holdings in *New York Times Co.* v. *Sullivan* (1964), 376 U.S. 254, and *Curtis Publishing Co.* v. *Butts* (1967), 388 U.S. 130, requiring proof of actual malice by defendant are inapplicable.

In *New York Times Co.* v. *Sullivan,* the United States Supreme Court held that a "public official" could not maintain a suit for defamation without showing by clear and convincing evidence that the publisher acted with actual malice. In *Curtis Publishing Co.* v. *Butts,* the court extended the actual malice standard to "public figures." This standard was further expanded in 1971 when the Supreme Court decided the case of *Rosenbloom* v. *Metromedia, Inc.* (1971), 403 U.S. 29. In *Rosenbloom,* the court, in a plurality opinion, extended the actual malice standard to private individuals where the matter reported was of concern to the public.

Applying the *Rosenbloom* standard, the directed verdict granted defendant would have been appropriate since there was an absence of showing of actual malice on the part of WCPO-TV in its news reports. However, the United States Supreme Court in 1974, retreated from its extension of the *Sullivan* standard to private individuals. The case which expressed this move was *Gertz* v. *Robert Welch, Inc.* (1974), 418 U.S. 323. In *Gertz,* the necessity of proving actual malice in defamation suits by private individuals against media defendants was struck down. The court found that the individual states should be permitted to set the standard of proof in cases where an allegedly defamatory statement is published by a media defendant concerning a private individual. The only limitation on this was that a state would not be permitted to impose "liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual." *Gertz* v. *Robert Welch, Inc.,* at 347.

This court has not enunciated a standard of review for defamation actions involving private individuals and the media. A majority of other jurisdictions when faced with this responsibility have set an ordinary negligence standard which must be shown by a preponderance of the evidence. See *Peagler* v. *Phoenix Newspapers, Inc.* (1977), 114 Ariz. 309, 560 P. 2d

1216; *Dodrill* v. *Arkansas Democrat Co.* (1979), 265 Ark. 628, 590 S.W. 2d 840, certiorari denied (1980), 444 U.S. 1076.[1]

We are persuaded that the negligence standard of review is appropriate in this area. In cases involving defamation of private persons, where a prima facie showing of defamation is made by the plaintiff, the question which a jury must determine by a preponderance of evidence is whether the defendant acted reasonably in attempting to discover the truth or falsity or defamatory character of the publication. See, *e.g., Peagler* v. *Phoenix Newspapers, Inc., supra,* at 315; *Thomas H. Maloney & Sons, Inc.* v. *E. W. Scripps Co.* (1974), 43 Ohio App. 2d 105 [72 O.O.2d 313].

This standard is applicable to the factual stance in this case. It was error to direct a verdict for the defendant. We reverse.

Defendant further contends it is not liable as a matter of law, and that a directed verdict for defendant was proper, because defendant was privileged to publish government information without incurring liability by reason of R.C. 2317.05 which in pertinent part reads:

"The publication of a fair and impartial report of * * * the issuing of any warrant, * * * or the filing of any * * * other document in any criminal or civil cause in any court of competent jurisdiction, or of a fair and impartial report of the contents thereof, is privileged * * *." This contention is without merit because the publication in this case was not mere reporting of the information included in a warrant or other document but included references to bookmaking operations and Elmwood Place which were not a part of official records.

Since defendant's publication was not within the protections of R.C. 2317.05 it does not escape the rule imposing liability because of the common-law privilege defined in Restatement of the Law, Torts 2d (1977) 297, Section 611:

"The publication of defamatory matter * * * in a report of an official action or proceeding * * * is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported."

Defendant also contends the directed verdict was proper because plain-

---

[1] *Phillips* v. *Evening Star Newspaper* (C.A.D.C. 1980), 424 A. 2d 78, certiorari denied (1981), 451 U.S. 989; *Karp* v. *Miami Herald Publishing Co.* (Fla. App. 1978), 359 So. 2d 580, appeal dismissed (1978), 365 So. 2d 712; *Cahill* v. *Hawaiian Paradise Park Corp.* (1975), 56 Hawaii 522, 543 P. 2d 1356; *Troman* v. *Wood* (1976), 62 Ill. 2d 184, 340 N.E. 2d 292; *McCall* v. *Courier-Journal & Lousiville Times* (Ky. 1981), 623 S.W. 2d 882; *Gobin* v. *Globe Publishing Co.* (1975), 216 Kan. 223, 531 P. 2d 76; *Stone* v. *Essex County Newspapers, Inc.* (1975), 367 Mass. 849, 330 N.E. 2d 161; *Jacron Sales Co.* v. *Sindorf* (1976), 276 Md. 580, 350 A. 2d 688; *Madison* v. *Yunker* (1978), 180 Mont. 54, 589 P. 2d 126; *McCusker* v. *Valley News* (1981), 121 N.H. 258, 428 A. 2d 493; *Marchiondo* v. *Brown* (1982), 98 N.M. 394, 649 P. 2d 462; *Martin* v. *Griffin Television, Inc.* (Okla. 1976), 549 P. 2d 85; *DeCarvalho* v. *DaSilva* (R.I. 1980), 414 A. 2d 806; *Memphis Publishing Co.* v. *Nichols* (Tenn. 1978), 569 S.W. 2d 412; *Foster* v. *Laredo Newspapers, Inc.* (Tex. 1976), 541 S.W. 2d 809, certiorari denied (1977), 429 U.S. 1123; *Seegmiller* v. *KSL, Inc.* (Utah 1981), 626 P. 2d 968; and *Taskett* v. *King Broadcasting Co.* (1976), 86 Wash. 2d 439, 546 P. 2d 81.

tiff failed to prove actual injury or damages. This contention is without merit. Plaintiff's chief executive officer testified concerning the business loss of plaintiff resulting from the defamatory publication, thus creating an issue of general and special damages to plaintiff. A corporate plaintiff has a right to recover for its economic injury. *Golden North Airways* v. *Tanana Publishing Co.* (C.A. 9, 1954), 218 F. 2d 612, 624.

For these reasons the judgment of the court of appeals is reversed, and the cause is remanded to the court of common pleas for a new trial.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY and J. P. CELEBREZZE, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I must dissent for a number of reasons. At the outset, I seriously question whether the words and phrases utilized by the defendant in its news reports were defamatory as to this plaintiff. The publications, it would seem to me, did not assert the commission of an offense by the plaintiff corporation but, rather, that a raid was conducted on the premises, and that certain gambling paraphernalia and equipment had been seized. The law generally applied in this regard is that a report or commentary of illegal activity at a place of business is not a libel against the owner of the business, unless the owner itself is charged with initiating, encouraging or acquiescing in the misconduct. See *El Meson Espanol* v. *NYM Corp.* (C.A. 2, 1975), 521 F. 2d 737, and *Gwinn* v. *Washington Post Co.* (C.A.D.C. 1954), 211 F. 2d 641.

Secondly, I believe that the trial court and the court of appeals were correct in concluding that the complained of reports were basically true. There is ample case law and legal commentary to the effect that in a defamation action the plaintiff has the burden of proving that the publication was not true, and if the evidence does not substantiate the falseness of the publication, the plaintiff cannot prevail. *Wilson* v. *Scripps-Howard Broadcasting Co.* (C.A. 6, 1981), 642 F. 2d 371, certiorari dismissed (1981), 454 U.S. 1130; *Cox Broadcasting Corp.* v. *Cohn* (1975), 420 U.S. 469; Restatement of the Law, Torts 2d (1977), Section 580B, Comment j. Additionally, Ohio has provided by statutory enactment, in R.C. 2739.02, that:

"In an action for a libel or a slander, the defendant may allege and prove the truth of the matter charged as defamatory. Proof of the truth thereof shall be a complete defense. * * *"

Here, the evidence revealed that the newscasts were substantiated by testimony adduced during the plaintiff's case that the police raid resulted in the seizure of the Daily Racing Form; the Kentucky Sports bulletin, a trade publication of entries and scratches at racetracks; a "Handy Pocket

Calculator for Two and Three Horse Parlays and Memo Book"; and a sheet of cardboard with handwritten figures on it, as well as numerous papers with entries thereon. I can see no substantial deviation from the truth in a publication which asserts the police seizure of "* * * racing forms, betting slips, and other gambling paraphernalia * * *" or "* * * betting slips and equipment * * *," in view of what had actually been confiscated. In that truth is a complete defense in a defamation action alleging libel or slander, this case upon the facts could reasonably have been directed out on such issue.

Even if the above considerations are not deemed dispositive, the existence of the privilege accorded by R.C. 2317.05 provides protection to the defendant in this case. Here, the publications are a substantially accurate rephrasing of the information contained in the official police report and, since the record is absent any evidence of malice on the part of defendant, one must conclude that the publications were privileged.

Finally, I note the absence in the record of anything from which reasonable minds could have concluded fault on the part of defendant. While plaintiff argues that there was an inadequate verification by defendant of the facts of the case, and accordingly acted negligently — upon the evidence adduced, I cannot agree. The actual testimony received at trial substantiated the truth of the publication, so that it is difficult to understand how additional efforts at verification would have altered the tenor of the publication.

Based upon all of the evidence presented to the jury, the trial court did not abuse its discretion in directing a verdict for Scripps-Howard. Therefore, I would affirm the court of appeals.

W. BROWN and LOCHER, JJ., concur in the foregoing dissenting opinion.