## Milkovich v. News-Herald
*[Cite as 8 AOA 650]*

*Case No. 13-009*
*Lake County, (11th)*
*Decided November 30, 1990*

*Brent L. English, 14 Public Square, 611 Park Building, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Richard D. Panza, 1144 West Erie Avenue, Lorain, Ohio 44052-1496, for Defendants-Appellees.*

FORD, J.

The lengthy odyssey of litigation between these parties began as a result of a sports column which appeared in the *News-Herald*. The column discussed the credibility of several witnesses at a hearing to enjoin the Ohio High School Athletic Association from barring the Maple Heights wrestling team from the 1975 State Tournament. Appellant, Michael Milkovich, Sr., brought a libel suit against appellees, and the trial court found him to be a public figure and directed a verdict in appellee's favor.

On direct appeal this court of appeals reversed and remanded the action to the trial court. An appeal from our decision to the Ohio Supreme Court was denied certification. Upon remand, the trial court granted summary judgment in favor of appellees finding the article to be a constitutionally protected "opinion." This appellate court subsequently affirmed that ruling, in October 1983; however, the Ohio Supreme Court overruled the finding that the column was constitutionally protected "opinion," in *Milkovich v. News-Herald* (1984), 15 Ohio St. 3d 292, and remanded the cause to the trial court for a second time.

Prior to the Ohio Supreme Court's decision in *Milkovich, supra,* H. Don Scott, another witness mentioned in the article, who was then superintendent of the Maple Heights School District, also filed a libel suit against appellees. The trial court granted summary judgment against Scott.

The trial court's decision and this appellate court's affirmation in *Scott v. News-Herald* (Dec. 30, 1983), Lake App. No. 9-128, unreported, found the column to be constitutionally protected "opinion." When *Milkovich* was released in 1984 by the high court, it concluded that the article was *not* constitutionally protected, and thus an inconsistency resulted as the same article was being afforded different protections in the two cases. *Scott, supra,* was then reviewed by the Ohio Supreme Court, and the Court overruled *Milkovich,* and found the column to be constitutionally protected "opinion" in *Scott v. News-Herald* (1986), 25 Ohio St. 3d 243.

The Ohio Supreme Court in *Milkovich* had remanded the cause to the trial court ordering it to proceed under the analysis that Milkovich was a private person, and to apply the rule of law under *Embers Supper Club Inc. v. Scripps-Howard Broadcasting Co.* (1984), 9 Ohio St. 3d 22. During this second remand, both the trial court and this appellate court found in favor of appellees on the grounds that *Scott, supra,* determined the outcome of this case with regard to the issue of protected opinion. After the Ohio Supreme Court denied appellant's motion to certify, the United States Supreme Court entertained an appeal.

The United States Supreme Court reversed and remanded the *Milkovich* case to this appellate court, concluding that *Scott* misinterpreted federal constitutional law. Upon remand to this court, appellees have filed a motion for judgment in their favor.

In the second remand from the Ohio Supreme Court, the trial court granted summary judgment and this court affirmed concluding that the trial court was, indeed, bound by the decision of *Scott v. News-Herald, supra.* Subsequently the United States Supreme Court in *Milkovich v. Lorain Journal Co.* (Jun. 21, 1990), No. 89-645, _____ U.S. ____, held that *Milkovich v. News-Herald, supra,* was still the law of the case, as it pertained to appellant's status as a public or private figure. The high court further held that language in *Scott, supra,* was *obiter dictum* and did not deter-

mine the issue of appellant's status as a public or private person.

Further, that Court found error in the Ohio Supreme Court's interpretation of *Gertz v. Robert Welch Inc.,* (1974), 48 U.S. 323, saying that *Gertz* should not be interpreted to hold harmless certain statements as privileged "opinion," as the Ohio Supreme Court did in *Scott, supra.*

A careful reading of *Scott* does not support appellees' present position that nevertheless the Ohio Supreme Court held that, independent of the Federal Constitution, the Ohio Constitution provided a privilege for "opinions" within its Freedom of the Press section. While it is true that the Ohio Supreme Court stated at *Scott,* 244, that "opinion" is protected by Section 11, Article I of the Ohio Constitution, in doing so, *Scott* relied solely on its own interpretation of federal law.

The United States Supreme Court expressly rejected this interpretation in *Milkovich, supra,* and there is little support for the contention that *Scott* can still stand for the proposition that the Ohio Constitution extends a privilege for "opinion." That Court held that *Scott* lacked adequate state grounds which would preclude review. Although the majority of the Ohio Supreme Court in *Scott* initially recited the Ohio constitutional grounds, the court then proceeded to base its reasoning solely upon federal case law. Further, the concurrence of Justice Douglas also speaks only in terms of Federal, not Ohio Constitutional Rights. Finally, and most convincingly, the dissent of Justice Sweeney in *Scott* seems to argue that the language of Section 11, Article I of the Ohio Constitution "being responsible for the abuse of the right" places greater limitations on the Freedom of the Press. Therefore, we find, per *Scott,* that the Ohio Constitution does not afford greater protection to "opinion" than the Federal Constitution.

The United States Supreme Court in *Milkovich* rejected the Ohio Court's interpretation of *Gertz, supra,* and held that the statements in the instant case implied an assertion of perjury susceptible of being proven true or false, rather than an assertion of a protected "idea." Therefore, the case must be remanded to the trial court for further proceedings.

In these proceedings, the trial court must determine if the column was written with some level of *Gertz* fault. The United Supreme Court determined that *Milkovich v. News-Herald, supra,* remains the law of the case, and *Milkovich,* at 297, found appellant to be a private person. The United States Supreme Court on page 18 of the opinion, further stated:

"*** Thus, where a statement of 'opinion' on a matter of public concern reasonably implies false and defamatory facts regarding public figures or officials, those individuals must show that such statements were made with knowledge of their false implications or with reckless disregard of their truth. Similarly, where such a statement involves a private figure on a matter of public concern, a plaintiff must show that the false connotations were made with some level of fault as required by *Gertz.* ***"

The level of *Gertz* fault, which appellant must prove to prevail in a defamation suit in Ohio, is that which was recently determined in *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St. 3d 176, 180, which states:

"Thus, in our attempt to achieve the proper balance between the protection to private persons from injuries to reputation and to provide adequate 'breathing space' for freedom of the press and freedom of speech, we modify the *Embers* standard and hold that in private-figure defamation actions, where a prima facie showing of defamation is made by a plaintiff, the plaintiff must prove by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication. ***"

For the above cited reasons, appellees' motion for judgment in their favor on remand is overruled, and the matter is remanded to the trial court for proceedings consistent with this opinion.

CHRISTLEY, P.J., and MAHONEY, J., concur.