DAVIS, Appellant,

v.

JACOBS et al., Appellees.

[Cite as *Davis v. Jacobs* (1998), 126 Ohio App.3d 580.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8-97-24.

Decided March 10, 1998.

*Anthony B. Pennington,* for appellant.

*Thomas F. Glassman,* for appellees.

---

HADLEY, Judge.

Plaintiff-appellant Viola Davis appeals the judgment of the Logan County Common Pleas Court following a jury trial on August 29, 1997, finding for defendants-appellees, Clarence Jacobs and Amvets, Post 39. Davis filed suit against the appellees, alleging that the appellees defamed Davis, causing her financial injury and ·damage to her reputation. The basis of this appeal pertains to the burden of proof imposed by the trial court on Davis to prove her defamation action.

In her sole assignment of error, Davis alleges:

"The trial court erred in giving the jury an instruction that imposes a clear and convincing standard of proof to all elements of plaintiff's cause of action, except damages."

The trial court instructed the jury that in order for Davis to succeed in her action she had the burden of proving by clear and· convincing evidence that the appellees defamed her.[1] Davis contends that, pursuant to the authority of

---

1. The actual jury instruction the court gave the jury is not part of the appellate record. We were, however, able to determine the essence of the instruction upon review of the trial court's judgment entry of September 10, 1997.

*Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St.3d 176, 512 N.E.2d 979, the clear and convincing standard of burden of proof is proper only in suits where the defendant is a "media" defendant. Davis argues that the preponderance standard is the proper burden of proof for a defamation action of this nature, not the clear and convincing standard. The parties do not dispute the fact that Davis was a private figure and the fact that appellees are "nonmedia" parties.

■■ When the plaintiff is a private figure, "[a] cause of action for defamation consists of five elements: (1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory *per se* or caused special harm to the plaintiff." *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 687 N.E.2d 481. "Fault is established by determining whether 'the defendant acted reasonably in attempting to discover the truth or falsity or defamatory character of the publication.'" *Franks v. The Lima News* (1996), 109 Ohio App.3d 408, 412, 672 N.E.2d 245, 248, quoting *Embers Supper Club v. Scripps–Howard Broadcasting Co.* (1984), 9 Ohio St.3d 22, 25, 9 OBR 115, 117, 457 N.E.2d 1164, 1167.

The Ohio Supreme Court modified the law of defamation in *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St.3d 176, 512 N.E.2d 979. *Lansdowne,* involved a private-figure plaintiff and a "media" defendant. Prior to *Lansdowne* the burden of proof was the preponderance of the evidence standard in a defamation action involving a private-figure plaintiff. *Embers,* 9 Ohio St.3d at 25, 9 OBR at 117–118, 457 N.E.2d at 1167. In *Lansdowne,* the court stated in its plurality opinion that "we modify the *Embers* standard and hold that in private-figure defamation actions, where a prima facie showing of defamation is made by a plaintiff, the plaintiff must prove by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Id.* at 180–181, 512 N.E.2d at 984.

The *Lansdowne* decision does not explicitly state whether its application was intended to encompass all private-figure defamation suits or, rather, only private-figure defamation actions where the defendant was a "media" defendant.[2] Additionally, as stated above, proof of defamation requires proof of five *prima facie* elements. The *Lansdowne* decision addresses only the heightened standard of proof for one element, the element of fault. The court in *Lansdowne* did not state whether every element is subject to this heightened burden of proof.

---

2. Both *Embers* and *Lansdowne* involved media defendants.

In the present case, the parties were a private-figure plaintiff and a nonmedia defendant, invoking the issue of whether the clear and convincing standard should be applied at all. Not only did the trial court instruct the jury that the clear and convincing standard applied to the present case, the court instructed the jury that all elements of the defamation action, excluding damages, required proof by clear and convincing evidence.

The issue of whether the clear and convincing standard applies to the present case was resolved by the Ohio Supreme Court in *Dale v. Ohio Civ. Serv. Emp. Assn.* (1991), 57 Ohio St.3d 112, 567 N.E.2d 253. Although appearing in *dicta*, the majority in *Dale* clearly states, "In *Lansdowne, supra*, we took the further step of imposing a 'clear and convincing' standard of proof on plaintiffs *in all defamation cases.*" (Emphasis added.) *Id.* at 114, 567 N.E.2d at 255. Other appellate courts throughout this state have applied the clear and convincing standard to all types of defamation actions. See *Dillon v. Waller* (Dec. 26, 1995), Franklin App. No. 95APE05–622, unreported, 1995 WL 765224; *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 687 N.E.2d 481; *Ed Schory & Sons, Inc. v. Francis* (Aug. 30, 1994), Stark App. No. 9474, unreported, 1994 WL 477760.

Equally, these courts appear to apply the clear and convincing burden of proof exclusively to the element of fault in defamation actions involving private-figure plaintiffs. See *Dillon v. Waller* (Dec. 26, 1995), Franklin App. No. 95APE05–622, unreported, 1995 WL 765224 ("[T]he burden to prove unreasonable failure to attempt to discover the truth or falsity or defamatory character of the publication is the clear and convincing standard."); *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 687 N.E.2d 481 ("In order to recover on a defamation claim, a plaintiff must prove by clear and convincing evidence that the defendant was at least negligent in publishing defamatory material.").

■ The specific issue presented in this appeal of whether the clear and convincing standard should be applied to *every element* of a defamation cause of action, excluding damages, has never been addressed by Ohio courts. The reason for this apparent oversight is simple. The *Lansdowne* decision clearly provided Ohio courts with a mandate. The burden of proof for the element of fault shall be by clear and convincing evidence. *Lansdowne v. Beacon Journal Pub. Co.*, 32 Ohio St.3d at 180–181, 512 N.E.2d at 983–985. If the Ohio Supreme Court sought to further modify the preponderance standard set forth in the *Embers* decision, the court could have done so in the *Lansdowne* decision.

■ The Ohio Supreme Court has provided this state with the necessary case law to establish the burden of proof in private-figure defamation actions. For all *prima facie* elements, excluding the element of fault, the proper burden of proof is the preponderance standard. *Embers Supper Club, Inc. v. Scripps–Howard*

*Broadcasting Co.,* 9 Ohio St.3d at 24–25, 9 OBR at 116–118, 457 N.E.2d at 1166–1167. For the element of fault the proper burden of proof is the clear and convincing standard. *Lansdowne v. Beacon Journal Pub. Co.,* 32 Ohio St.3d at 180–181, 512 N.E.2d at 983–985. The clear and convincing standard applies to all defamation actions, including actions brought by private-figure plaintiffs. *Dale v. Ohio Civ. Serv. Emp. Assn.,* 57 Ohio St.3d at 114, 567 N.E.2d at 255–256.

Therefore, in the present case, the trial court correctly applied the clear and convincing standard to the element of fault. The court erred, however, by requiring Davis to prove every other element, excluding damages, by clear and convincing evidence. The proper burden of proof for every other element was the preponderance standard. Because the appellate record does not contain evidence of any interrogatories to the jury, we are unable to determine whether the outcome of this action would be different with the application of the proper burdens of proof.

We, therefore, reverse the judgment of the Logan County Common Pleas Court and remand this cause to the trial court for action consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.