OPINION
The plaintiff/appellant, David Shevin, appeals the judgment of the Seneca County Court of Common Pleas, dismissing his complaint against the defendants/appellees, twenty-four members of the Tiffin University Board of Trustees. Based on the following, we hereby affirm in part and reverse in part the judgment of the trial court.
The following facts and procedural history are relevant to this appeal. The appellant was employed for thirteen years as an English professor at Tiffin University. In February of 1999, the appellant was informed by the university's Vice President of Academic Affairs that his contract would not be renewed upon its expiration in 2000. According to the appellant's complaint, the decision not to rehire him was based on his opposition to new policies instituted by the university. The appellant claims that, upon this revelation, he made several unsuccessful requests to the board that he be provided with a reason for his termination. The appellant alleged that this failure to provide a reason for his termination directly contravened the terms of his contract. Accordingly, he filed a complaint on February 26, 2001 against Tiffin University, its president and vice president, and the individual university board members for breach of contract. The complaint also alleged age discrimination, retaliation, defamation, and harassment.
On April 10, 2002, the board members filed a Motion to Dismiss the complaint against them. The appellant subsequently filed a Motion to Strike the appellees' Motion to Dismiss. After an oral hearing, the trial court overruled the appellant's motion and granted the appellees' motion, dismissing the board members from the complaint. The appellant now timely appeals the trial court's decision, presenting two assignments of error for our review. As the appellant's assignments are interrelated, we will address them concurrently.
 Assignment of Error No. I
"The trial court erred in dismissing the Complaint with respect to the individual trustees of Tiffin University"
 Assignment of Error No. II
"The trial court erred in failing to strike the majority of the Motion to Dismiss Individually Named Members of the Tiffin University Board of Trustees filed by Appellees on the basis that many facts were argued that had not been alleged in the complaint."
The appellees filed their motion to dismiss pursuant to Civ.R. 12(B)(6), asserting that the appellant failed to state a claim upon which relief may be granted. In considering a motion to dismiss for failure to state a claim, a trial court "must construe all material allegations in the complaint and all inferences that may be reasonably drawn therefrom in favor of the nonmoving party."[1] All factual allegations in the complaint, therefore, must be construed as true for purposes of the motion.[2] In addition, appellate review of a trial court's ruling on a motion to dismiss is de novo and, while we need not defer to the trial court's findings, we must, like the trial court, construe the factual allegations in the complaint and all reasonable inferences therefrom in favor of the nonmovant.[3]
Initially, we note that the appellees' brief cites numerous facts from depositions and other exhibits that were not in evidence at the time the appellant filed his complaint as support for its argument that the motion to dismiss was properly granted. Based on the standard outlined above, we are constrained to examine only the factual allegations in the complaint, ignoring anything filed subsequent to it.
The appellees argue that the appellant was required to plead specific discriminatory conduct against the individual board members for age discrimination, defamation, and retaliation. We find this argument untenable. In order to plead age discrimination, a plaintiff need only make out a prima facie case by alleging that he is an employee of the defendant, that he is physically able to do his job, that he is between the ages of 40 and 70, and that his discharge was without just cause.[4]
The appellant's complaint alleges that he was employed by Tiffin University, that he is over forty years of age, that he was capable of performing his duties as a professor, and that he was terminated without just cause. Thus, the complaint contains allegations sufficient to make out a prima facie case and states a claim for age discrimination.
The appellees also assert that the claim for age discrimination cannot be maintained against them because they do not fit the statutory definition of "employer" found in R.C. 4112.01(2). According to the statute, "`employer' includes the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." As the appellant points out, this definition has been liberally construed by the Ohio State Supreme Court to include "individual supervisors and managers whose conduct violates the provisions of R.C. Chapter 4112."[5]
As the appellant's complaint alleges that the board members are supervisors and that they violated R.C. 4112, we conclude that the complaint states a claim against them for age discrimination.
To establish defamation, the plaintiff must show (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the required degree of fault in publishing the statement.[6]
Because it appears from the face of the complaint that the appellant is a private citizen, the degree of fault required is ordinary negligence.[7]
The appellant's compliant alleges that the defendants "intentionally" "provided derogatory and defamatory responses to reference checks" and that he was damaged professionally as a result. Thus, the complaint sufficiently states a claim for defamation.
With regards to the appellant's claim for retaliation, the appellant appears not to make this claim pursuant to any federal or state statute. The appellant cites to a violation of R.C. 4112.02(I), which makes it unlawful "[f]or any person to discriminate in any manner against any other person because that person has opposed an unlawful practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."
Nothing in the appellant's complaint suggests that he either opposed an unlawful discriminatory practice or was involved in a proceeding regarding such a practice. Rather, he asserts retaliatory discharge for exercising his right to free speech in criticizing university policies regarding classroom size. "As a general rule, the constitutional guaranty of free speech is a guaranty only against abridgement by government, federal and state * * *. "[8] The appellant's complaint does not allege any "state action" as required to support a claim for a First Amendment violation. In the absence of state action, the appellant cannot maintain a claim for retaliation based on the facts alleged in his complaint.[9]
The appellant also claimed that he was harassed in violation of R.C.4112.02(I). Again, there is nothing on the face of the complaint to suggest that the appellant's actions in objecting to campus policies brought him within the protection of this statute. Accordingly, he has failed to state a claim for harassment.
The appellant also asserted claims for breach of his employment contract and infliction of emotional distress. The appellees' principal argument against these claims is that the board and its individual members are not responsible in any way for employment decisions at the university. While this may or may not be true, it is an argument more suited to a summary judgment motion. Taking the facts in the complaint as true and construing them in the light most favorable to the appellant, both the contract claim and the emotional distress claim are sufficiently detailed to state a claim against the appellees.
Both of the appellant's assignments of error are well-taken and are hereby granted.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm in part and reverse in part the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
SHAW, P.J., and BRYANT, J., concur.
[1] Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667.
[2] Id.
[3] York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144.
[4] Fette v. Huntington Natl. Bank (June 13, 1983), Franklin App. No. 82AP-969, citing McDonnell Douglas Corp. v. Green (1973), 414 U.S. 811;Westerville City Schools v. State of Ohio (1980), 1 OBR 312.
[5] Genaro v. Central Transport, Inc. (1999), 84 Ohio St.3d 293,297.
[6] Hersch v. E.W. Scripps Co. (1981), 3 Ohio App.3d 367, 374.
[7] Embers Supper Club, Inc. v. Scripps-Howard Broadcasting Co. (1984), 9 Ohio St.3d 22.
[8] Freeman v. Montessori School of Bowling Green (Sept. 2, 1994), Wood App. No. 93WD098 (citations omitted).
[9] Id., citing Pavolini v. Bard-Air Corp. (C.A.2 1981), 645 F.2d 144,148.