DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants Robert Dunnerstick, et al., have appealed from a jury trial decision in the Lorain County Court of Common Pleas, which awarded compensation to the Plaintiff-Appellee Janice Costaras on her claim of tortious interference with a prospective contract. This Court reverses.
 I {¶ 2} Appellee was working at Southwest General Health Center as a shift supervisor and student trainer in medical technology when she decided to change careers. In June 2000, she answered a newspaper ad for a teaching position. Interviews and negotiations ensued, and by the beginning of the Fall 2000 academic year, Appellee had obtained a teaching job at Clearview High School.[1] Appellee never signed a written contract with Clearview. Appellee began teaching at Clearview in August 2000, but during the first week of school learned of a better paying opportunity in the Lorain School District.
 {¶ 3} Appellee contacted the Lorain School District to pursue this opportunity, and actually arranged for an interview. In the meantime, Appellant Robert Dunnerstick ("Dunnerstick"), the school superintendent, telephoned Lorain City School Superintendent Dr. Ed Branham ("Dr. Branham") to inform him that Appellee was employed by Clearview and therefore unavailable to the Lorain School District. Despite Dunnerstick's interjection, the Lorain School District went ahead with the interview, although Appellee felt that "they weren't as open as they were when I called them on the phone." From this feeling, Appellee formed the opinion that Dunnerstick had prevented her from obtaining the job in Lorain. Appellee subsequently left her job at Clearview.
 {¶ 4} Appellee sued Appellants, claiming promissory estoppel and tortious interference with a prospective contract, and the case proceeded to a jury trial. In making her case, Appellee called Clearview School Principal William Wagner ("Principal Wagner") and Dunnerstick as adverse witnesses, and then she testified on her own behalf. At the close of Appellee's case, Appellants moved the court for a directed verdict, claiming that Appellee had not met her burden of producing sufficient evidence. The court denied the motion, and Appellants presented their defense. At the conclusion of the three day trial, the jury found against Appellee on the promissory estoppel claim, but found for her in the tortious interference with a prospective contract claim and awarded her $16,101 in damages. Appellee filed a motion for prejudgment interest, which the trial court granted.
 {¶ 5} Appellants have timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"The trial court erred when it failed to enter a directed verdict on [appellee's] cause of action for tortious interference with prospective business opportunity."
 {¶ 6} Appellant has argued that the trial court erred in denying the motion for directed verdict, because Appellee produced no admissible evidence that the Lorain School District was otherwise prepared to hire her; that is, Appellee failed to offer any reliable proof that Dunnerstick's phone call was the proximate cause of the failed prospective contract. We agree.
 {¶ 7} The standard of review for a Civ.R. 50(A)(4) motion for directed verdict is that, while construing the evidence most strongly in favor of the nonmoving party, the court must determine whether reasonable minds could come to but one conclusion on the evidence submitted, with that conclusion being adverse to the non-moving party. Posin v. A.B.C. Motor CourtHotel (1976), 45 Ohio St.2d 271, 275. If so, then the motion should be granted or affirmed. Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285.
 {¶ 8} Appellee cites Ohio Jury Instruction 302.03 for the elements of "interference with employment relationship":
"(1) there was an employment relationship between the plaintiff and (describe employer); and
"(2) the defendant knew of the employment relationship; and
"(3) the defendant acted with the purpose to (describe theinterference) with the plaintiff's employment relationship; and
"(4) the plaintiff was injured as a (direct) (proximate) result of the acts of the defendant." OJI 302.03, citing Smith v.Klein (1985), 23 Ohio App.3d 146; Juhasz v. Quik Shops, Inc.
(1977), 55 Ohio App.2d 51.
 {¶ 9} We agree that these are the proper elements. SeeWalter v. Murphy (1988), 61 Ohio App.3d 553, 555, cited with approval in AB-Abell Elevator Co. v. Columbus/Central Ohio Bld. Constr. Trades Council (1995), 73 Ohio St.3d 1, 14. Of particular importance to this case is element number four, requiring proof of proximate cause. See, also, Everhart v.Francioli (April 29, 1993), 8th Dist. No. 62377, 1993 Ohio App. LEXIS 2306, at *14 (denying tortious interference claim for failure to prove causation).
 {¶ 10} In presenting her case at trial, Appellee's only evidence of this proximate cause is her own testimony that, in her personal opinion, Dunnerstick's phone call to Dr. Branham was the reason the Lorain School District did not hire her. She did not produce any other evidence that this call was the reason, or that she would otherwise have gotten the job. She did not produce anyone from the Lorain School District to testify that this was the reason, that she was the best candidate, or that they had any intention of hiring her. She did not elicit admissions from either Principal Wagner or Appellant Dunnerstick, who she called as adverse witnesses, that this was the reason. Simply put, the only evidence presented at trial to demonstrate the proximate cause element, was Appellee's opinion, made over objection, that Dunnerstick's call must have been the reason.
 {¶ 11} Speculation by a lay witness as to another's motives, reasons or bases for their decisions is not a proper form of evidence:
"The general rule of evidence is that the testimony of witnesses upon matters within the scope of the common knowledge and experience of mankind, given upon the trial of a cause, must be confined to statements of concrete facts within their own observation, knowledge, and recollection — that is, facts perceived by the use of their own senses — as distinguished from their opinions, inferences, impressions, and conclusions drawn from such facts." McCutcheon v. Yudasz (Aug. 17, 1983), 7th Dist. No. 82-B-32, 1983 Ohio App. LEXIS 14183, at *7-8 (holding that a lay "witness cannot testify as to what another person may or may not have observed"), citing 43 Ohio Jurisprudence 3d 453, Evidence and Witnesses, Section 587. Accord State Auto Mut. Ins.Co. v. Chrysler Corp (1973), 36 Ohio St.2d 151, 159.
Therefore, Appellee's self-serving opinion testimony as to what Dr. Branham or other potential employers may or may not havethought is insufficient to support the element of proximate cause. As such, the directed verdict should have been granted to Appellants at the close of Appellee's case. See Posin,45 Ohio St.2d at 275; Strother, 67 Ohio St.2d at 285.
 {¶ 12} Appellants' first assignment of error is sustained.
 Assignment of Error Number Two
"The trial court abused its discretion when it awarded prejudgment interest to [appellee]."
 {¶ 13} Appellants challenge the actions taken by the trial court in enforcing the damage award, subsequent to the jury's finding. In light of our disposition of Appellants' first assignment of error, we decline to address their second assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 14} Appellants' first assignment of error is sustained. We decline to address the second assignment of error. The judgment of the trial court is reversed and cause remanded for an order consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, J., Boyle, J., Concur.
[1] Clearview High School is effectively the Appellant in this case, represented by Clearview Local School District, Clearview Local School District Board of Education, and Robert Dunnerstick, the school superintendent.