[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The defendant-appellee's name also appears as James Dooley in portions of the record.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Phillip Cusick appeals the trial court's entry of summary judgment in favor of James Dudley. Because we conclude that Cusick's sole assignment of error is without merit, we affirm the judgment of the trial court.
Cusick and Dudley worked together as custodians for the Sycamore School District. Cusick, who had recently been accused of falsifying his timesheet, allegedly told Dudley that if Cusick lost his job, Tom Duncan, their supervisor, would pay for it. Cusick claimed that he knew that Duncan had also falsified a timesheet and that he would tell Duncan's supervisors if Cusick were terminated. At a disciplinary hearing before the school board, Cusick admitted that he had falsified his timesheet. Two days later, Cusick was terminated from his position. After learning that Cusick was to be terminated, Dudley told Duncan that Cusick had said that if he were terminated, "[Duncan] and Sycamore would pay for it." The incident was reported to the Montgomery police department at whose request Dudley filled out a report repeating the statements.
Cusick filed a claim against Dudley alleging defamation. Dudley moved for summary judgment, which was granted by the trial court. Cusick now alleges in his sole assignment of error that the trial court erred in granting summary judgment.
Summary judgment is properly granted when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.[2] This court reviews the granting of summary judgment de novo.[3]
In order to succeed on his claim for defamation, Cusick had to prove (1) that Dudley had made a false and defamatory statement concerning Cusick; (2) that the statement was published to a third party; (3) that the statement caused harm; and (4) that Dudley acted with fault.[4] For the reasons that follow, we conclude that Cusick did not demonstrate the third and fourth elements of defamation and that therefore summary judgment was properly granted.
The trial court concluded that the statements made by Dudley were not defamatory because they were basically true. Cusick argues that he never said that the Sycamore schools would be sorry and that Dudley omitted the part of the conversation about Duncan allegedly falsifying another timesheet. We conclude that there is a genuine issue of material fact with respect to whether Dudley's statements were false.
Although the trial court incorrectly concluded that the statements were not defamatory, we conclude that summary judgment was properly granted because Cusick did not demonstrate that he was harmed by the statements and because he did not demonstrate that Dudley acted with fault.
A defamatory statement may be defamatory per se or defamatory per quod. A statement that is defamatory per se is defamatory on its face.[5]
When a statement is defamatory per se, damages are presumed.[6] A statement that is defamatory per quod is one that is determined to be defamatory by the interpretation of the listener.[7] Unlike a claim of defamation per se, damages must be proved by the plaintiff.[8]
Because Dudley's statements were not defamatory on their face, Cusick had to prove damages. Construing the evidence most strongly in favor of Cusick, we conclude that he did not offer sufficient evidence that the statements caused him harm. In his deposition, Cusick acknowledged that the reason given for his termination was that he had allegedly falsified a timesheet. He was unable to present any evidence that he was terminated as a result of Dudley's statements. In fact, the statements were made after Cusick was notified that he was terminated. Cusick also alleged that he was denied other positions because of the statements. But he was unable to present any evidence that this was the case.
Even if Cusick had proved damages, summary judgment was proper because he did not present evidence that Dudley had acted with sufficient fault. Where, as here, an allegedly defamatory statement is made about a private figure, the plaintiff must prove that the defendant did not act reasonably in attempting to discover the truth or the falsity of the statement.[9] But a prima facie claim of defamation can be defeated by the defendant where he can show that the statement was protected by a qualified privilege. If a defendant succeeds in demonstrating a qualified privilege, "[i]t does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege, and makes a showing of falsity and actual malice essential to the right of recovery."[10] A defendant has acted with actual malice where he knew that the statement was false or where he recklessly disregarded the truth or falsity of the statement.[11]
We first consider whether Dudley demonstrated that the statements that he made were subject to a qualified privilege. Dudley needed to demonstrate that "(1) he acted in good faith; (2) there was an interest to be upheld; (3) the statement was limited in its scope to the purpose of upholding that interest; (4) the occasion was proper; and (5) the publication was made in the proper manner to the proper parties."[12]
Dudley alleged that when he learned that Cusick had been terminated, he was concerned about the safety of the school children. For that reason, he reported the conversation to Duncan. That he acted in good faith was not disputed by Cusick. Cusick himself acknowledged that he and Dudley got along well at work. In his reply to the motion for summary judgment and in his brief, Cusick has speculated that Dudley was promoted quickly after the statements were made and that this could have been evidence of bad faith. But, beyond this speculation, Cusick offered no evidence that Dudley's promotion was related to the statements. The safety of the school children was a valid interest to be upheld, and the statements and the manner in which they were communicated to Duncan and, later, to the Montgomery police officers, was proper. We conclude that, with the evidence construed most strongly in favor of Cusick, Dudley demonstrated that his statements were protected by qualified privilege. Because Cusick did not offer evidence that Dudley had acted with actual malice, summary judgment in favor of Dudley was proper.
We conclude that Cusick's sole assignment of error is without merit, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.
[2] State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589,639 N.E.2d 1189.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[4] Young v. Russ, 11th Dist. No. 2003-L-206, 2005-Ohio-3397, at ¶ 28.
[5] McCartney v. Oblates of St. Francis deSales (1992),80 Ohio App.3d 345, 353, 609 N.E.2d 216.
[6] Id. at 354.
[7] Id. at 353.
[8] Id.
[9] Ember Supper Club, Inc. v. Scripps-Howard Broadcasting Co. (1984),9 Ohio St.3d 22, 457 N.E.2d 1164, syllabus.
[10] Hahn v. Kotten (1975), 43 Ohio St.2d 237, 244, 331 N.E.2d 713.
[11] New York Times v. Sullivan (1964), 376 U.S. 254, 84 S.Ct. 710.
[12] Temethy v. Huntington Bancshares, Inc., 8th Dist. No. 83291,2004-Ohio-1253, at ¶ 18.