[Cite as *McNett v. Worthington*, 2011-Ohio-5225.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY


DAVID MCNETT,

     PLAINTIFF-APPELLANT,          CASE NO.  15-11-05

     v.

JERRY WORTHINGTON,          O P I N I O N

     DEFENDANT-APPELLEE.


Appeal from Van Wert County Common Pleas Court
Trial Court No. CV 09-10-518

**Judgment Affirmed**

Date of Decision:    October 11, 2011


APPEARANCES:

    *David McNett,* Appellant

    *Martin D. Burchfield* for Appellee

**PRESTON, J.**

{¶1} Plaintiff-appellant, David McNett (hereinafter "McNett"), pro se, appeals the Van Wert County Court of Common Pleas' grant of summary judgment in favor of defendant-appellee, Jerry Worthington (hereinafter "Worthington"). For the reasons that follow, we affirm.

{¶2} On October 23, 2009, McNett filed a complaint against Nancy Moore (hereinafter "Moore") and Worthington, alleging that Moore and Worthington, who were co-workers of his at Triumph Thermal Systems, Inc., made false statements about him to co-workers and Triumph management, which ultimately led to the termination of his employment. (Doc. No. 2). McNett's complaint asserted claims of defamation and interference with an employment relationship against Moore and Worthington. (Id.).

{¶3} On July 29, 2010, Moore filed a motion for summary judgment. (Doc. No. 41). On October 4, 2010, the trial court granted Moore's motion for summary judgment, finding that: Moore had a qualified privilege to report to Triumph management what she thought occurred at the workplace; and McNett was not terminated due to Moore's allegations but because of his conduct during and following the employer's investigation of the allegations. (JE, Doc. No. 49). That same day, the trial court entered judgment dismissing all claims against Moore and

certifying that there was no just cause for delay pursuant to Civ.R. 54(B). (Doc. No. 50).

{¶4} On October 20, 2010, Worthington filed a motion for summary judgment, arguing that he, like Moore, had a qualified privilege to make his allegations about McNett to Triumph management, and that his allegations were not the cause of McNett's employment termination. (Doc. No. 51).

{¶5} On November 4, 2010, McNett filed a motion to strike Worthington's motion for summary judgment because Worthington did not file his motion by August 1, 2010 as required by the trial court's scheduling entry. (Doc. No. 53). On November 9, 2010, McNett filed a motion for an extension of time to file his response to Worthington's motion for summary judgment if the trial court should deny his motion to strike. (Doc. No. 54).

{¶6} On November 10, 2010, McNett filed a notice of appeal from the trial court's grant of summary judgment in favor of Moore. (Doc. No. 55). The case was assigned appellate case no. 15-10-13, but this Court dismissed the case for want of jurisdiction under App.R. 4(A).

{¶7} On November 19, 2010, the trial court overruled McNett's motion to strike but granted McNett additional time to respond to Worthington's motion for summary judgment. (Doc. No. 56). On January 4, 2011, McNett filed his memo in opposition. (Doc. No. 57).

{¶8} On March 4, 2011, the trial court granted Worthington summary judgment on the same grounds the trial court had previously granted Moore summary judgment. (Doc. No. 58).

{¶9} On April 5, 2011, McNett filed a notice of appeal.[1] McNett now appeals raising two assignments of error[2] for our review.

### ASSIGNMENT OF ERROR NO. I

**WHETHER THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN APPELLEE'S [SIC] DID NOT MAKE THE REQUIRED DEADLINE AND DID NOT REQUEST ANY TIME EXTENSIONS TO SUBMIT HIS SUMMARY JUDGMENT MOTION AS EVIDENT BY THE PRETRIAL STATUS CONFERENCE NOTICE.**

{¶10} In his first assignment of error, McNett argues that the trial court erred by granting Worthington's summary judgment when it was untimely. We disagree.

{¶11} "'It is well-settled that a trial court has the inherent power to control its own docket and the progress of proceedings in its court.'" *Business Data Sys., Inc. v. Gourmet Cafe Corp.*, 9th Dist. No. 23808, 2008-Ohio-409, ¶21, quoting

---

[1] Although it appears at first glance that McNett's notice of appeal was beyond App.R. 4(A)'s thirty-day deadline, the Clerk failed to note the service of the judgment entry on the appearance docket; and therefore, service was not complete, and the time for filing the notice of appeal was tolled. See *State v. McKinney*, 3d Dist. No. 4-11-01, 2011-Ohio-3521, ¶¶14-17.

[2] McNett actually lists no assignments of error but only a "statement of issue" for review. Although App.R. 12(A)(1)(b) directs this Court to "determine the appeal on its merits on the *assignments of error* set forth in the briefs," we will, in the interests of justice, treat McNett's "statement of issue" as two separate assignments of error.

*Pavarini v. City of Macedonia* (Apr. 18, 2001), 9th Dist. No. 20250, at *3, citing

*State ex rel. Kura v. Sheward* (1992), 75 Ohio App.3d 244, 245, 598 N.E.2d 1340.

As such, a trial court's docketing decision is reversible error only if it amounts to

an abuse of its discretion. Id., citing *Pavarini* at *3, citing *State v. Unger* (1981),

67 Ohio St.2d 65, 67, 423 N.E.2d 1078.

{¶12} Civ.R. 56(A) provides, in pertinent part:

> **A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.**

{¶13} The record indicates that an initial assignment conference and

pretrial hearing was scheduled for January 6, 2010. (Doc. No. 6). The record also

indicates that Worthington filed his motion for summary judgment on October 20,

2010, well beyond the trial court's scheduled deadline of August 1, 2010. (Doc.

Nos. 9, 51). Since Worthington filed his motion for summary judgment after the

action was set for pretrial and beyond the trial court's deadline, he was technically

required to seek leave of court first. Civ.R. 56(A). Nevertheless, the trial court

implicitly granted Worthington leave to file his motion for summary judgment by

overruling McNett's motion to strike and granting Worthington's motion for

summary judgment. (Doc. Nos. 56, 58); *Carpet Barn & Tile House v. CSH, Inc.*

(June 5, 1997), 8th Dist. No. 71821, at *1-2, citing *National City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 54, 440 N.E.2d 590; *Stewart v. Cleveland Clinic Foundation* (1999), 136 Ohio App.3d 244, 254, 736 N.E.2d 491. We cannot conclude that the trial court's decision to grant Worthington leave to file his motion for summary judgment amounted to an abuse of its discretion.

{¶14} McNett's first assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR NO. II

**ALSO APPELLANT DID PRESENT EVIDENCE IN THE RECORD AND ARGUMENT THAT SHOWS JERRY WORTHINGTON DID MAKE AND PUBLISH FALSE DEFAMATORY STATEMENTS WHICH CAUSED INTENTIONAL EMPLOYMENT INTERFERENCE AND TERMINATION FROM MY JOB.**

{¶15} In his second assignment of error, McNett argues that the trial court erred in granting Worthington's motion for summary judgment because the evidence demonstrated that Worthington's false statements caused his termination of employment. We disagree.

{¶16} We review a decision to grant summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the

conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.

{¶17} "'A cause of action for defamation consists of five elements: (1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory *per se* or caused special harm to the plaintiff.'" *Davis v. Jacobs* (1998), 126 Ohio App.3d 580, 582, 710 N.E.2d 1185, quoting *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 687 N.E.2d 481.

{¶18} The elements of tortious interference with an employment relationship are: (1) the existence of an employment relationship between plaintiff and the employer; (2) the defendant was aware of this relationship; (3) the defendant intentionally interfered with this relationship; and (4) the plaintiff was injured as a proximate result of the defendant's acts. *Lennon v. Cuyahoga Cty. Juvenile Court*, 8th Dist. No. 86651, 2006-Ohio-2587, ¶19, citing *Costaras v. Dunnerstick*, 9th Dist. No. 04CA008453, 2004-Ohio-6266.

{¶19} If a plaintiff establishes a prima facie case of defamation, the defendant may then invoke a conditional or qualified privilege. *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶9, citing *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*

(1995), 73 Ohio St.3d 1, 7, 651 N.E.2d 1283, citing *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 243, 331 N.E.2d 713. "Where the circumstances of the occasion for the alleged defamatory communications are not in dispute, the determination of whether the occasion gives the privilege is a question of law for the court." *A & B-Abell*, 73 Ohio St.3d at 7. The defense of conditional or qualified privilege applies to all of the plaintiff's derivative claims, such as tortious interference with an employment relationship, as well as the defamation claim. *A & B-Abell*, 73 Ohio St.3d at 14-16.

{¶20} "The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *Hahn*, 43 Ohio St.2d at 246. If the communication is privileged, the plaintiff may not recover unless he/she demonstrates that the defendant made the statement(s) with actual malice, such as: ill will, spite, grudge, or some ulterior motive. Id. at 248, citing *DeAngelo v. W. T. Grant Co.* (1952), 111 N.E.2d 773, 776.

{¶21} Actual malice includes "'acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity.'" *Jackson*, 2008-Ohio-1041, at ¶10, quoting *Jacobs v. Frank* (1991), 60 Ohio St.3d 111, 573 N.E.2d 609, paragraph two of the syllabus. "The phrase 'reckless disregard'

applies when a publisher of defamatory statements acts with a 'high degree of awareness of their probable falsity,' * * * or when the publisher 'in fact entertained serious doubts as to the truth of his publication.'" Id., citations omitted.

**{¶22}** The facts of this case are simple and undisputed. On or about May 11, 2009, Worthington reported to Triumph personnel management that his supervisor, McNett, stood behind him in the restroom while he was using the urinal, which made him feel harassed and uncomfortable. (Worthington Aff. at ¶¶3-4); (McNett Depo. at 44). McNett did not recall any other statements Worthington made other than the allegation he made to Triumph personnel management on May 11, 2009. (McNett Depo. at 63-66). Although McNett testified that one co-worker, Terry Gibson, stated to him, "I heard you and [Worthington] got into a fight and you were terminated for it," McNett testified that Gibson did not indicate that Worthington told him about the incident. (Id. at 71). In fact, McNett could not identify anyone who told him that Worthington told them about the incident. (Id. at 72). McNett further testified that employees had a right to file complaints against other employees, and that Triumph has a duty to investigate the allegations. (Id. at 96-99).

**{¶23}** Although the evidence establishes a prima facie case for defamation and tortious interference with an employment relationship, the evidence also demonstrates that Worthington's statements were privileged. That is, Worthington

made the statements in good faith to Triumph's personnel management during a closed-door meeting to protect his interest in a harassment-free work environment. *Hahn*, 43 Ohio St.2d at 246. McNett acknowledged Worthington's right to report his concerns to personnel management. (McNett Depo. at 96-99). McNett failed to present any evidence that Worthington acted with actual malice other than his bald assertions in his response to the motion for summary judgment. Notably, even McNett's affidavit fails to claim that Worthington acted with actual malice. (Doc. No. 57, attached).

**{¶24}** Furthermore, with respect to McNett's claim for tortious interference with an employment relationship, McNett failed to demonstrate that Worthington's statements were the proximate cause of his termination. The record indicates that Triumph terminated McNett for his "inflexibility, combativeness, belligerence and questionable supervisory methods," as well as his unwillingness to take direction from his immediate supervisor or human resources counsel. (Triumph's Response to McNett's EEOC Complaint and Kenneth Jackson Aff., Doc. No. 51, attached). Triumph stated that "McNett was not terminated on the basis of statements made by anyone else. He was terminated based upon actions he himself took, or did not take, that proved he was a poor choice of Supervisor at Triumph Thermal Systems, Inc." (Triumph's EEOC Response, Doc. No. 51, attached).

**{¶25}** Since Worthington's statements were privileged, and McNett failed to submit *any* evidence that Worthington made the statements with actual malice, Worthington was entitled to judgment as a matter of law on both claims. Worthington was entitled to judgment as a matter of law on McNett's tortious interference with an employment relationship claim additionally because the evidence failed to demonstrate that Worthington's statements were the proximate cause of McNett's termination of employment.

**{¶26}** McNett's second assignment of error is, therefore, overruled.

**{¶27}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**